[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCTOBER 30, 2009
THOMAS K. KAHN
CLERK

No. 08-16804
Non-Argument Calendar

_____

D. C. Docket No. 08-00058-CR-RWS-1-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ROGACIANO PINEDA-PINEDA,
a.k.a. Yanez Salvador Pineda,
a.k.a. Pineda Sal Yanez,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(October 30, 2009)

Before EDMONDSON, CARNES and KRAVITCH, Circuit Judges.

PER CURIAM:

Defendant-Appellant Rogaciano Pineda-Pineda appeals his 77-month sentence for being an alien found in the United States without permission after having previously been convicted of an aggravated felony and removed from the United States, in violation of 8 U.S.C. § 1326(a) and (b)(2). No reversible error has been shown; we affirm.

Pineda-Pineda challenges the substantive reasonableness of the within-guidelines sentence imposed. No error is claimed in the calculation of the 77 to 96-month guideline range.

Appellate review of the substantive reasonableness of a sentence–whether inside or outside the guidelines range–is normally under an abuse-of-discretion standard. Gall v. United States, 128 S.Ct. 586, 597 (2007). We have not decided whether plain error review applies when, as here, the defendant did not object to the sentence in the district court. We need not decide which standard applies because Pineda-Pineda's sentence was reasonable and thus was proper under either standard of review.

Reasonableness review is deferential. A within-guidelines range sentence is ordinarily expected to be reasonable, and the appellant bears the burden of establishing the absence of reasonableness in the light of the record and the section

2

3553(a) factors.  United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Pineda-Pineda argues that his family history, lack of education, history of drug and alcohol addiction, and the "bottom-rung-dealer nature" of his three prior felony convictions for possession with intent to distribute all show that section 3553(a) would have been satisfied by a below-guideline sentence.

The transcript of the sentencing hearing makes it clear that the district court considered Pineda-Pineda's arguments and the section 3553(a) factors; the district court stated expressly that the arguments advanced by Pineda-Pineda warranted a sentence at the low end of the guidelines, but no variance.

Pineda-Pineda failed to carry his burden of establishing that his sentence was substantively unreasonable.  We cannot say the 77-month low-end guideline range sentence was "outside the range of reasonable sentences dictated by the facts of the case."  United States v. Pugh, 515 F.3d 1179, 1191 (11th Cir. 2008) (internal quotation marks omitted).

AFFIRMED.