[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 11-13259
Non-Argument Calendar
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MAY 17, 2012
JOHN LEY
CLERK

D.C. Docket No. 1:10-cr-00467-TCB-GGB-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

CYNTHIA MATTHEWS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(May 17, 2012)

Before TJOFLAT, EDMONDSON and FAY, Circuit Judges.

PER CURIAM:

Cynthia Matthews appeals her 60-month total sentence, imposed above the

applicable guideline range of 33 to 41 months, after pleading guilty to committing bank fraud, in violation of 18 U.S.C. § 1344. For the reasons set forth below, we affirm.

I.

The record shows that Matthews and other individuals executed a scheme to defraud several banks by opening accounts, depositing stolen checks into those accounts, and then withdrawing the funds. Matthews participated in this enterprise by depositing numerous stolen checks into various bank accounts opened by her accomplices. She did so on multiple occasions over a period of several months, but withdrew only a fraction of the stolen money herself. The total amount of intended loss from Matthews's activities was calculated at approximately $475,000, while the amount of actual loss suffered by the banks reached nearly $330,000.[1]

In compiling the presentence investigation report ("PSI"), the probation officer described Matthews's personal history and noted that she had provided several conflicting or misleading statements to various officers after her arrest. Specifically, she gave inconsistent statements regarding her place of birth, whether

---

[1] Only some of Matthews's criminal activity constituted the offense of conviction. The rest qualified as "relevant conduct" to be considered only for sentencing purposes. *See* U.S.S.G. § 1B1.3.

her parents were deceased, how many siblings she had, where she had lived growing up, whether she had traveled outside the United States, and whether she had been married. The probation officer also outlined Matthews's criminal history, which showed that she had been convicted on seven different occasions for various crimes, including financial transaction fraud, theft, burglary, and possession of illegal drugs with intent to distribute. With regard to several of these crimes, Matthews had used false names or violated her probation. Moreover, Matthews had a charge pending for identity fraud, and two charges pending for drug offenses for which she had failed to appear in court.

In calculating Matthews's applicable guideline range, the probation officer assigned her a base offense level of 7, pursuant to U.S.S.G. § 2B1.1(a)(1), and added 14 levels under § 2B1.1(b)(1)(H) because the amount of intended loss exceeded $400,000. Due to Matthews's prior drug convictions, and because she committed the current offense while on probation, she was placed into a criminal history category of III. Ultimately, the district court gave her a 3-level reduction for acceptance of responsibility, yielding a guideline range of 33 to 41 months in prison.

At the sentencing hearing, the district court determined that Matthews's guideline range did not provide for a sufficient punishment and, following the

government's recommendation, sentenced her to 60 months' imprisonment. The court explained that financial crimes such as Matthews's were "particularly troubling" because individuals who committed those crimes did so knowingly, with "careful calculation and deliberation and malice aforethought." The court also stressed that Matthews's offense involved nearly $500,000 in intended loss; that she had made inconsistent statements to pretrial and probation officers; and that she had a "very substantial" criminal history. On appeal, Matthews argues that her sentence of 60 months was substantively unreasonable.

## II.

We review the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). "The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question." *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).[2]

---

[2] Under § 3553(a), the sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), which include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's crimes. 18 U.S.C. § 3553(a)(2). Other factors to be considered in imposing the sentence include the nature and circumstances of the offense, the history and characteristics of the defendant, the available sentences, the Guidelines' policy and applicable range, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. *Id.*

If the district court determines that a sentence outside the guideline range is appropriate, "it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance." *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008) (quotation omitted). However, we will only reverse due to a variance "if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Shaw*, 560 F.3d 1230, 1238 (11th Cir. 2009) (quotation omitted).

In challenging the substantive reasonableness of her sentence, Matthews makes several specific arguments, which we address in turn. First, she contends that, by emphasizing the gravity of financial crimes in general, the district court erroneously failed to focus on her individual characteristics. However, a district court is permitted to consider the general seriousness of a statutory offense when the defendant has been convicted of that offense. *See United States v. Martin*, 455 F.3d 1227, 1240 (11th Cir. 2006) (discussing the general negative characteristics of white collar crimes in assessing the reasonableness of the defendant's sentence); *United States v. Pugh*, 515 F.3d 1179, 1195-99 (11th Cir. 2008)

_____

§ 3553(a)(1), (3)-(7).

(discussing the harms caused generally by child pornography in analyzing the reasonableness of a sentence). Thus, we discern no error in this regard.

Second, Matthews argues that her guideline range already accounted for the seriousness of her offense, given that she received a 14-level enhancement based on the amount of loss exceeding $400,000. While that may be so, the district court could still consider the loss amount as a factor warranting a variance under § 3553(a). *See United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th Cir. 2010) (stating that a district court can impose a variance based on factors that it had already considered in applying a guideline enhancement), *cert. denied*, 131 S.Ct. 2166 (2011). Moreover, besides resulting in substantial monetary loss, Matthews's offense involved repeated deposits of stolen checks over a prolonged period of time, and, as the district court noted, such conduct required "careful calculation and deliberation." The court could rightly view this as an aggravating factor in determining the length of the sentence. *See Martin*, 455 F.3d at 1240 ("Because economic and fraud-based crimes are more rational, cool, and calculated than sudden crimes of passion or opportunity, these crimes are prime candidates for general deterrence." (quotation and alteration omitted)).

Third, Matthews argues that the inconsistencies in her post-arrest statements were not made intentionally and, thus, did not warrant a sentence above the

guideline range. However, given that persons generally have firm knowledge about their basic personal histories, such as where they were born or grew up, the district court could reasonably conclude that Matthews's inconsistent statements in this regard were made deliberately and not simply as a result of misunderstanding or forgetfulness.

Fourth, Matthews contends that the district court could have accounted for her criminal history by imposing a guideline departure rather than a § 3553(a) variance. Matthews's criminal record is indeed substantial, involving seven separate convictions and several charges for which she had failed to appear in court, and this may well have warranted an upward departure under U.S.S.G. § 4A1.3. However, the court's ability to depart upwards under the Guidelines did not preclude it from imposing an upward variance instead. *See Shaw*, 560 F.3d at 1240 (affirming an upward variance under § 3553(a), even though the district court had discretion to apply an upward departure under the Guidelines).

Finally, Matthews asserts that the district court's variance of 19 months beyond the upper end of the guideline range resulted in an unwarranted sentencing disparity. However, she points to no comparators "with similar records who have been found guilty of similar conduct." *See* 18 U.S.C. § 3553(a)(6). An upward variance by itself does not indicate an unwarranted sentencing disparity.

In sum, the district court did not commit a clear error of judgment in determining that an above-guideline, 60-month sentence was appropriate for Matthews under § 3553(a), given the seriousness of her offense, her mendacity, and, most importantly, her substantial criminal history. *See* 18 U.S.C. § 3553(a)(1)-(2); *Shaw*, 560 F.3d at 1237-41 (upholding as reasonable a 120-month sentence that significantly exceeded the guideline range of 30 to 37 months, in large part due to the defendant's extensive criminal history); *see also United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) ("The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." (quotation omitted)). We also note that Matthews's 5-year sentence fell far below the statutory maximum of 30 years for each count. *See* 18 U.S.C. § 1344; *Gonzalez*, 550 F.3d at 1324 (concluding that a sentence was reasonable in part because it was well below the statutory maximum). Because Matthews's sentence of 60 months was substantively reasonable, we affirm.

**AFFIRMED.**