[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-11307
Non-Argument Calendar
_____

D.C. Docket No. 4:11-cr-00205-BAE-GRS-2


UNITED STATES OF AMERICA,

                                                        Plaintiff-Appellee,

versus

MICHAEL PRINGLE,

                                                        Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Georgia
_____

(November 29, 2012)

Before CARNES, WILSON and BLACK, Circuit Judges.


PER CURIAM:

Michael Pringle appeals his above-guidelines sentence of 30 months after pleading guilty, pursuant to a plea agreement, to the charge of conspiring to commit financial aid fraud.  Pringle argues (1) the district court erred by adopting the probation officer's erroneous determination of his criminal history score, (2) the district court failed to follow the proper procedure for imposing an upward sentencing  departure, and (3) his above-guidelines sentence was substantively unreasonable.  After review, we affirm Pringle's sentence.

## I.

Pringle first contends his sentence was procedurally unreasonable because the PSI stated he had 15, rather than 13, criminal history points.    Because Pringle failed to raise this argument before the district court, we review for plain error.  Under this standard, we can make corrections only if (1) there is an error, (2) that is plain, and (3) that affects substantial rights.  *United States v. Rodriguez*, 398 F.3d 1291, 1298 (11th Cir. 2005).  A defendant fails to meet his burden on the third factor when "the effect of an error on the result in the district court is uncertain or indeterminate."  *Rodriguez*, 398 F.3d at 1301.

In determining Pringle's sentence, the district court never mentioned Pringle's criminal history points or indicated that it was basing sentencing on that number.  Rather, the district court recounted the lengthy history of Pringle's

2

criminal convictions.  Moreover, although Pringle had only 13 criminal history points, Pringle still would have earned the same criminal history category (VI) based on that number.  *See* U.S.S.G. Ch. 5, Pt. A.   Because it is at most uncertain as to whether the misstatement of the criminal history points affected the district court's sentencing decision, Pringle cannot show the error affected his substantial rights.  *Rodriguez*, 398 F.3d at 1301.

## II.

Pringle next contends his sentence was procedurally unreasonable because the district court failed to follow the proper procedure for an upward departure from his guidelines range of 12 to 18 months.  Because Pringle failed to raise this argument before the district court, we again review for plain error.  *Rodriguez*, 398 F.3d at 1298.

When uncertainty exists as to whether the district court applied a departure or variance, we consider: (1) whether the district court referenced a particular guidelines departure provision, and (2) whether the court based its decision on a belief that the guidelines were not adequate.  *See United States v. Kapordelis*, 569 F.3d 1291, 1316 (11th Cir. 2009).  In *Kapordelis*, we held that even though the district court stated it was granting a "motion for an upward departure," where the court did not cite a specific guideline departure and its rationale was based on the

§ 3553(a) factors and a finding that the guidelines were inadequate, it actually granted a variance. *Kapordelis*, 569 F.3d at 1316.

Contrary to Pringle's contentions, the district court did not impose an upward departure, but instead imposed an upward variance based on the § 3553(a) factors. *Id.* In imposing Pringle's sentence, the district court correctly calculated Pringle's advisory guideline range, found it did not sufficiently address the § 3553(a) sentencing factors, and imposed a sentence outside the advisory guidelines range without citing a specific guideline provision. These factors indicate the district court imposed a variance, not a departure. Thus, the court did not plainly err in failing to follow the proper procedure for imposing an upward sentencing departure.

## III.

Pringle's final argument is that his 30 month sentence was substantively unreasonable. If the district court applies a variance, the reasonableness of the variance is assessed in light of the § 3553(a) factors and the totality of the circumstances, with due deference given to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance. *Gall v. United States*, 128 S. Ct. 586, 597 (2007). The party challenging the sentence bears the

burden of establishing unreasonableness.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

Pringle has not established his above-guidelines sentence was substantively unreasonable.  The sentence was based expressly on the § 3553(a) factors.  The sentence was also well below the statutory maximum of 60 months.  *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).   Moreover, the court gave sufficient reasons to support the extent of the variance, including its observations that Pringle had a history of failing to comply with probation, and that Pringle had been undeterred from criminal conduct by his previous sentences.  The district court did not abuse its discretion in imposing a 30-month sentence.

**AFFIRMED.**