[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 12-16171
Non-Argument Calendar
_____

D.C. Docket No. 1:12-cr-20460-PAS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GARY MAREUS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(August 14, 2013)

Before DUBINA, WILSON, and ANDERSON, Circuit Judges.

PER CURIAM:

Appellant Gary Mareus appeals his 46-month sentence after pleading guilty to reentry of the United States as a deported alien.  After reviewing the record and reading the parties' briefs, we affirm his sentence.

I.

Mareus, a native of the Bahamas and a national of both the Bahamas and Haiti, was deported and physically removed from the United States to Haiti in 1996.  In 1998, he illegally reentered the United States and evaded law enforcement for several years.  Mareus was eventually discovered living in Miami, Florida, and was indicted in June 2012 with illegally reentering the United States after previous deportation and removal, in violation of 8 U.S.C. § 1326(a), (b)(2).  Mareus entered a guilty plea.

The probation office prepared a presentence investigation report ("PSI") to assist the district court in determining Mareus's sentence.  The PSI determined that Mareus had a total offense level of 24 and a criminal history category of III, which called for a sentence of 63 to 78 months' imprisonment.  At sentencing, the parties agreed that the total offense level should be reduced by three levels because Mareus had accepted responsibility.  The court then concluded that the advisory sentencing guidelines range was 46 to 57 months.

The court went on to consider the 18 U.S.C. § 3553(a) sentencing factors.  The government advocated the imposition of a 46-month sentence because Mareus

2

had been in the United States illegally for 14 years and because he had been previously convicted of a series of firearms and narcotics crimes. Mareus argued for a more lenient sentence of five years' probation because his previous criminal convictions were remote in time and would not have been considered in determining his criminal history category if he had illegally reentered the United States in 2012 rather than in 1998. He also requested a downward variance in light of his cultural assimilation and ties to the United States.

In light of Mareus's criminal history, the district court declined to impose a probationary sentence or to grant a downward variance. It imposed a sentence of 46 months' imprisonment, at the low end of the guidelines range, and a three-month term of supervised release. Mareus timely appealed his sentence.

On appeal, Mareus argues that his sentence is substantively unreasonable because the district court placed undue weight on a single factor listed in 18 U.S.C. § 3553(a). He asserts that the district court, in focusing solely on Mareus's criminal record, unreasonably disregarded other factors related to Mareus's history and characteristics, including his cultural assimilation into the United States and the fact that his entire family resides in the United States. He further argues that the district court's focus on Mareus's criminal history was unreasonable because his convictions were remote in time.

II.

3

We review the reasonableness of a sentence using a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591 (2007). The burden of establishing unreasonableness lies with the party challenging the sentence. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence well below the statutory maximum penalty is another indicator of a reasonable sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1322, 1324 (11th Cir. 2008) (holding that a 50-month sentence was reasonable in part because it was well below the ten-year statutory maximum).

Reviewing a sentence's reasonableness requires two steps. First, we ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances. *Id.* The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including

4

the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court also must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Overstreet*, 713 F.3d 627, 638 (11th Cir. 2013). We will reverse "only if we are left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (en banc) (internal quotation marks omitted). A district court's unjustified reliance upon any one § 3553(a) factor may be a symptom of an unreasonable sentence. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008). However, courts are still permitted to attach "great weight" to one factor over others. *Overstreet*, 713 F.3d at 638. Further, in its consideration

of the § 3553(a) factors, the district court does not need to discuss each factor explicitly. *Gonzalez*, 550 F.3d at 1324. An acknowledgment that the district court has considered both the defendant's arguments and the § 3553(a) factors is sufficient. *Id.*

We lack jurisdiction to review a district court's discretionary refusal to grant a downward departure based on cultural assimilation pursuant to USSG § 2L1.2, comment. (n.8), unless the court incorrectly believes that it lacked the authority to depart from the guideline range. *United States v. Dudley*, 463 F.3d 1221, 1228 (11th Cir. 2006). Further, we will assume the court understood its authority absent a record indication to the contrary. *Id*.

### III.

We conclude from the record that Mareus's 46-month sentence is reasonable. He does not raise arguments of procedural unreasonableness, and he fails to demonstrate substantive unreasonableness in light of the record and the § 3553(a) factors. First, the district court's sentence represented the lowest end of the applicable guideline range, and we ordinarily would expect such a sentence to be reasonable. *See Hunt*, 526 F.3d at 746. This sentence also was well below the 20-year statutory maximum penalty. *See Gonzalez*, 550 F.3d at 1324. Moreover, the 46-month sentence was needed to promote respect for the law, provide just punishment, and deter Mareus from further criminality. *See* 18 U.S.C.

§ 3553(a)(2).  The district court questioned whether a probationary sentence, as Mareus requested, would effectively deter him from returning to the United States illegally, especially since he evaded capture for 14 years after his last reentry.  The court also noted that Mareus's convictions, although imposed more than 15 years ago, were for violent crimes involving drugs and firearms.  In light of these considerations, a custodial sentence within the guideline range would better serve the goals set out in § 3553(a).

In addition, while the district court cited Mareus's criminal record as the "primary motivation" for denying the variance request, [R. 30 at 25], it did not do so to the detriment of all other § 3553(a) factors, *see Overstreet*, 713 F.3d at 638; *Pugh*, 515 F.3d at 1191.  The record clearly shows that the court acknowledged its application of the § 3553(a) factors.  It heard evidence on Mareus's cultural assimilation, his family's presence in the United States, his work history, and the temporal remoteness of his convictions.  The court also stated it had considered all arguments before issuing its decision.  This serves as the court's sufficient acknowledgement of the defendant's arguments and the § 3553(a) factors.  *See Gonzalez*, 550 F.3d at 1324.  Mareus cannot ask us to reweigh the factors, absent a clear error of judgment on the district court's part.  *Irey*, 612 F.3d at 1190.

Finally, we may not review the district court's discretionary refusal to grant Mareus a downward departure based on cultural assimilation, pursuant to USSG

§ 2L1.2, comment. (n.8).  Mareus does not contend that the district court misunderstood its authority to grant a downward departure.  As the record does not indicate otherwise, we will presume the district court understood its authority to grant such departures, thus putting the court's ruling outside of our jurisdiction. *Dudley*, 463 F.3d at 1228.

IV.

For the foregoing reasons, we affirm Mareus's sentence.

**AFFIRMED.**