[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 13-14768
Non-Argument Calendar
_____

D.C. Docket No. 9:13-cr-80024-RSR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

PABLO DOMINGO,
a.k.a. Eduardo Mendoza,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 19, 2014)

Before TJOFLAT, PRYOR and MARTIN, Circuit Judges.

PER CURIAM:

Pablo Domingo was convicted of illegal reentry after conviction for a non-aggravated felony, in violation of 8 U.S.C. § 1326(a) and (b)(1), and the District Court sentenced him to prison for 60 months.  He appeals his sentence, arguing that it is greater than necessary and substantively unreasonable because the District Court focused excessively on his criminal history and failed to give due consideration to relevant sentencing factors included within those set out in 18 U.S.C. § 3553(a), that is, his motivation for returning to the United States, his severe addiction to alcohol, and his impending deportation upon completion of his prison sentence.[1]  Domingo also argues that a sentence within the Guidelines

---

[1]  Section 3553(a) of Title 18 of the United States Code, Imposition of Sentence, states:

**(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider--

**(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;

**(2)** the need for the sentence imposed--

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

18 U.S.C. § 3553(a).  The factors Domingo lists relate to the sentencing purposes listed in subparts (C) and (D) above.

range, 21 to 27 months confinement, would have been sufficient to provide just punishment, protect the public, and deter him from further criminal activity. *See* 18 U.S.C. § 3553(a)(2)(A),(B) and (C).

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S.Ct. 586, 591, 169 L.Ed.2d 445 (2007). We may "set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*).

The District Court was required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2). *See* note 1, *supra*. In imposing a particular sentence, the court had to consider as well the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

When a sentencing court determines that a sentence outside the applicable Guidelines range is appropriate, it must consider the extent of the deviation and

3

provide sufficient justification for the degree of the variance. *United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008). We "must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 597, 169 L.Ed.2d 445 (2007). The reasonableness of a sentence may also be indicated when the sentence imposed is well below the statutory maximum sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Domingo does not demonstrate that his sentence was substantively unreasonable in light of the record and the § 3553(a) factors. The District Court explained why a variance from the Guidelines range was necessary to meet the goals encompassed within 18 U.S.C. § 3553(a). The court expressed its concern that the Guidelines range did not adequately reflect Domingo's particular circumstances, including that, since his reentry, Domingo had 11 convictions, including three DUIs and a hit and run. The court indicated that an upward variance was necessary to promote specific deterrence, to protect the public from Domingo's criminal conduct, and to reflect the seriousness of the offense in this case, which included putting the public at risk from Domingo's sometimes-violent criminal activity.

Although the court placed specific emphasis on Domingo's criminal history, the record indicates that it did not do so "single-mindedly" to the detriment of all

4

of the other § 3553(a) factors. *See United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006). The court acknowledged Domingo's alcoholism and indicated it would not punish him for it. However, the court indicated that the problem with Domingo's alcoholism is that he "engages in conduct that is harmful and could be not only dangerous but fatal to other people while he's under the influence." The court also acknowledged Domingo's argument that his motivation for reentering the United States was to earn money to send back to his family in Guatemala. However, the court found that Domingo's economic motivation to enter the United States would remain unchanged after time served for the instant offense, and his subsequent deportation, and that deterrence called for a longer, rather than a shorter, prison term. The weight to be given any particular sentencing factor is left to the sound discretion of the court, absent a clear error of judgment. *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008); *Williams*, 526 F.3d at 1322. Moreover, while Domingo's month sentence is significantly higher than the Guidelines range of 21 to 27 months, the sentence is well below the 10-year statutory maximum penalty. *See Gonzalez*, 550 F.3d at 1324.

Because Domingo's sentence is supported by the § 3553(a) factors, and the court adequately explained its reasons for issuing an upward variance, it did not commit a clear error of judgment.

AFFIRMED.

5