[PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
DEC 12, 2008
THOMAS K. KAHN
CLERK

_____

No. 08-10008
_____

D. C. Docket No. 07-20647-CR-JAL

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ANNA GONZALEZ,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(December 12, 2008)**

Before DUBINA, BLACK and FAY, Circuit Judges.

PER CURIAM:

Anna Gonzalez appeals her 50-month sentence imposed after she pled guilty to illegally reentering the United States after having been deported, in violation of 8 U.S.C. § 1326(a), (b)(1). After reviewing the record and the parties' briefs, we discern no reversible error.

## I. BACKGROUND

The maximum sentence for a violation of 8 U.S.C. § 1326(b)(1) is ten years. 8 U.S.C. § 1326(a), (b)(1). Applying the 2007 version of the Sentencing Guidelines, the probation officer assigned Gonzalez a total offense level of 21 and criminal history category III, with a Guidelines range of 46 to 57 months' imprisonment.[1]

Section 2L1.2(a) of the Sentencing Guidelines provides a base offense level of 8 for a person who unlawfully enters or remains in the United States. If a defendant "previously was deported, or unlawfully remained in the United States, after – (A) a conviction for a felony that is . . . (ii) a crime of violence[,]" the offense level increases by 16. U.S.S.G. § 2L1.2(b)(1)(A)(ii). The district court applied § 2L1.2(b)(1)(A)(ii) to increase Gonzalez's offense level by 16 based on

_____

[1] The probation officer calculated this Guidelines range as follows: a base offense level of 8 under U.S.S.G. § 2L1.2(a); a 16-level increase because she had been previously deported after being convicted of aiding and abetting a bank robbery, a crime of violence pursuant to U.S.S.G. § 2L1.2(b)(1)(A)(ii); and a 3-level deduction for acceptance of responsibility and assistance into the investigation of her own misconduct pursuant to U.S.S.G. § 3E1.1(a), (b).

her prior "crime of violence" conviction. Since Gonzalez's sentencing, the Sentencing Commission amended the commentary to § 2L1.2. Effective November 1, 2008, application note 7 to § 2L1.2 now reads, in part:

> Departure Consideration–There may be cases in which the applicable offense level substantially overstates or understates the seriousness of a prior conviction. In such a case, a departure may be warranted. Examples: . . . (B) In a case in which subsection (b)(1)(A) applies, and the prior conviction does not meet the definition of aggravated felony at 8 U.S.C. § 1101(a)(43), a downward departure may be warranted.

U.S.S.G. § 2L1.2, cmt. n.7 (2008).

Gonzalez was convicted in 1985 in the United States District Court for the Northern District of Illinois for aiding and abetting a bank robbery. There is no dispute this conviction qualifies as a "crime of violence" under § 2L1.2. *See* U.S.S.G. § 2L1.2, cmt. n.1 (defining "crime of violence" to include "robbery"); U.S.S.G. § 2L1.2, cmt. n.5 ("Prior convictions of offenses counted under subsection (b)(1) include the offenses of aiding and abetting . . . ."). The conviction does not, however, constitute an "aggravated felony" as defined by the Immigration and Nationality Act (INA) because her term of imprisonment was less than one year. *See* 8 U.S.C. § 1101(a)(43).

Gonzalez challenges her sentence and contends: (1) the district court erred by imposing the 16-level increase because her prior conviction did not qualify as

3

an "aggravated felony"; (2) her 50-month sentence is both procedurally and substantively unreasonable; and (3) her Fifth and Sixth Amendment rights were violated when the district court enhanced her sentence based on a prior conviction not alleged in the indictment or proven to the jury beyond a reasonable doubt.

## II. DISCUSSION

*A. Enhancement under U.S.S.G. § 2L1.2(b)(1)(A)(ii)*

We review objections to the applicability of U.S.S.G. § 2L1.2 not raised in the district court for plain error and can only make corrections if (1) there is an error; (2) the error was plain, clear, or obvious; and (3) the error affected substantial rights. *United States v. Hernandez-Gonzalez*, 318 F.3d 1299, 1301 (11th Cir. 2003). If these criteria are met, we have discretion to correct the error, but should correct the error only if it "seriously affects the fairness, integrity or public reputation of judicial proceedings." *United States v. Olano*, 507 U.S. 725, 731, 113 S. Ct. 1770, 1776 (1993) (quotation and alteration omitted). "Where errors could have cut either way and uncertainty exists, the burden is the decisive factor in the third prong of the plain error test, and the burden is on the defendant." *United States v. Rodriguez*, 398 F.3d 1291, 1300 (11th Cir. 2005).

We conclude from the record there is no error in this case as to the district court's application of the Guidelines. Gonzalez contends § 2L1.2's background,

4

history, structure, and commentary lead to the conclusion § 2L1.2(b)(1)(A)(ii) only applies to crimes of violence also qualifying as aggravated felonies. The plain language of § 2L1.2, however, permits a 16-level enhancement for a prior conviction of a "crime of violence." U.S.S.G. § 2L1.2(b)(1)(A)(ii). Further, the recently amended commentary uses permissive, rather than mandatory, language–the commentary only states a downward departure *may* be warranted if the prior conviction does not meet the definition of "aggravated felony." Because Gonzalez can point to no authority requiring a "crime of violence" to also constitute an "aggravated felony," as defined in 8 U.S.C. § 1101(a)(43), the district court committed no error, plain or otherwise.

Even assuming, *arguendo*, Gonzalez could satisfy the first two prongs of the plain error analysis, she cannot satisfy the third prong. To satisfy the third prong, Gonzalez must show the error affected her substantial rights, which essentially requires the error to "have affected the outcome of the district court proceedings." *Rodriguez*, 398 F.3d at 1299 (quotation omitted). Moreover, Gonzalez bears the burden of persuasion with respect to establishing such prejudice. *Id.* "This burden of showing prejudice to meet the third-prong requirement is anything but easy." *Id.*

We conclude Gonzalez cannot meet this burden. First, as previously discussed, the amended commentary uses permissive "may" language. U.S.S.G.

5

§ 2L1.2, cmt. n.7 (2008). On remand, then, the district court would still have discretion to apply the 16-level enhancement authorized by § 2L1.2(b)(1)(A)(ii). Second, there is nothing in the record to indicate the district court would rely on the recently amended commentary to impose a different sentence on remand. Rather, the court noted Gonzalez's "total disrespect for being any kind of law-abiding person" and stated Gonzalez had "demonstrated nothing but disregard for the law."[2] (D.E. 32 at 9-10) Moreover, the district court sentenced Gonzalez near the middle of her Guidelines range, rather than the bottom, further indicating the outcome would be no different on remand. Because Gonzalez bears the burden of persuasion, and because she cannot establish her substantial rights were affected, Gonzalez cannot satisfy the third prong of the plain error test. Accordingly, we need not address the fourth prong.

## B. Reasonableness of Gonzalez's Sentence

We review the final sentence imposed by the district court for reasonableness. *United States v. Booker*, 543 U.S. 220, 264, 125 S. Ct. 738, 767

---

[2] As the district court noted, Gonzalez's criminal record "is just so varied and so long and so bad." (D.E. 32 at 10) In addition to her status as an illegal alien, and her conviction for aiding and abetting a bank robbery, Gonzalez has previously been convicted of, *inter alia*, failure to appear, battery, driving with a revoked license, forgery, grand theft of a vehicle, theft, aiding escape, and child abuse. (PSI para. 24-32) Gonzalez has also been arrested 18 times for various other offenses and has used multiple aliases, driver's licenses, and Social Security numbers. (PSI para. 37-54).

(2005). Specifically, the district court must impose a procedurally and substantively reasonable sentence. *Gall v. United States*, 552 U.S. ___, 128 S. Ct. 586, 597 (2007). A sentence may be procedurally unreasonable if the district court improperly calculates the Guidelines range, treats the Guidelines as mandatory rather than advisory, fails to consider the appropriate statutory factors, selects a sentence based on clearly erroneous facts, or fails to adequately explain the chosen sentence. *Id.* After an appellate court has determined the sentence is procedurally sound, *Gall* directs the appellate court to review the substantive reasonableness of a sentence under an abuse-of-discretion standard. *Id.* The review for substantive unreasonableness involves examining the totality of the circumstances, including an inquiry into whether the statutory factors in § 3553(a) support the sentence in question. *Id.* at ___, 128 S. Ct. at 597-600.

In consideration of the § 3553(a) factors, the district court does not need to discuss or state each factor explicitly. *United States v. Scott*, 426 F.3d 1324, 1329 (11th Cir. 2005). An acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice. *Id.* at 1330. We will defer to the district court's judgment regarding the weight given to the § 3553(a) factors unless the district court has made "a clear error of judgment" and has imposed "a sentence that lies outside the range of reasonable sentences dictated by

the facts of the case." *United States v. McBride*, 511 F.3d 1293, 1297-98 (11th Cir. 2007) (quotation omitted).

Pursuant to § 3553(a), the sentencing "court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection." *See* 18 U.S.C. § 3553(a). These purposes include, *inter alia*, promoting respect for the law, deterring criminal conduct, and protecting the public from further crimes of the defendant. 18 U.S.C. § 3553(a)(2). The sentencing court must also consider the following factors in determining a particular sentence: the nature and circumstances of the offense and the history and characteristics of the defendant, the kinds of sentences available, the Guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentence disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). We ordinarily expect a sentence within the Guidelines range to be reasonable, and the appellant has the burden of establishing the sentence is unreasonable in light of the record and the § 3553(a) factors. *United States v. Talley*, 431 F.3d 784, 788 (11th Cir. 2005).

Gonzalez cannot show the court imposed a procedurally or substantively unreasonable sentence. The district court properly calculated her Guidelines range, treated the range as advisory, considered all the statutory factors, and imposed a

8

sentence near the middle of the range and supported by the statutory factors.

Furthermore, Gonzalez's sentence is well below the maximum ten-year sentence

available under 8 U.S.C. 1326(b)(1) for reentry after conviction of a felony (other

than an aggravated felony).

## C. *Proof of Prior Conviction*

We review constitutional challenges to the application of the Sentencing

Guidelines not raised in the district court for plain error. *United States v. Ward*,

486 F.3d 1212, 1221 (11th Cir.), *cert. denied*, 128 S. Ct. 398 (2007).

In *Almendarez-Torres v. United States*, a defendant charged with illegally

reentering the United States after being deported under 8 U.S.C. § 1326(a) argued

he could not be sentenced to more than two years imprisonment because his prior

aggravated felonies were not mentioned in the indictment. 523 U.S. 224, 227, 118

S. Ct. 1219, 1222-23 (1998). The Supreme Court rejected his argument and held 8

U.S.C. § 1326(b)(2) is a penalty provision, not a separate crime, and "neither the

statute nor the Constitution requires the Government to charge . . . an earlier

conviction, in the indictment." *Id.* at 226-27, 118 S. Ct. at 1222. The *Almendarez-*

*Torres* decision remains binding precedent. *United States v. Dowd*, 451 F.3d 1244,

1253 (11th Cir. 2006).

The district court did not err in enhancing Gonzalez's sentence using a prior conviction not alleged in the indictment or proven to a jury beyond a reasonable doubt because such practice is permitted under *Almendarez-Torres*.

## III.  CONCLUSION

Because U.S.S.G. § 2L1.2(b)(1)(A)(ii) authorizes a 16-level enhancement for a "crime of violence" conviction, the district court did not err in finding Gonzalez's previous conviction for aiding and abetting a bank robbery warranted the application of such enhancement to Gonzalez's sentence.   Furthermore, Gonzalez's 50-month sentence is both procedurally and substantively reasonable, and Gonzalez's constitutional challenge to her sentence is meritless.

**AFFIRMED.**