[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 17, 2011
JOHN LEY
CLERK

No. 11-10529
Non-Argument Calendar
_____

D.C. Docket No. 9:10-cr-80128-KLR-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EMMANUEL MORGAN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(August 17, 2011)

Before HULL, PRYOR and KRAVITCH, Circuit Judges.

PER CURIAM:

Emmanuel Morgan appeals the sentence imposed after pleading guilty to

one count of conspiracy to possess with intent to distribute 500 grams or more of

cocaine, in violation of 21 U.S.C. § 846 (Count 1), and one count of attempt to possess with intent to distribute 500 grams or more of cocaine, in violation of 21 U.S.C. § 846 (Count 2). On appeal, Morgan challenges the reasonableness of his sentence. After a thorough review of the record, we affirm.

Morgan pleaded guilty to conspiracy and attempt to possess 500 grams or more of cocaine after a confidential source informed law enforcement that Morgan and his codefendant Clyde Ward were trying to purchase a kilogram of cocaine. The probation officer determined that Morgan's guideline range was 84 to 105 months' imprisonment due in part to his lengthy criminal history. Morgan faced a statutory mandatory minimum sentence of 60 months' imprisonment. 21 U.S.C. § 841(b)(1)(B).

At sentencing, Morgan did not object to the guideline calculations, but he argued that his criminal history category over-represented the seriousness of his prior conduct. He also requested that the court vary downward from the sentencing range. The court denied the request, explaining that Morgan had many prior state court offenses for which he had served little time, but this had not deterred his behavior. After considering the sentencing factors in 18 U.S.C. § 3553(a), and the parties' arguments, the court sentenced Morgan to 84 months' imprisonment, the low end of the guideline range. This is Morgan's appeal.

We review the reasonableness of a sentence under a deferential abuse of discretion standard of review. *Gall v. United States*, 552 U.S. 38, 41 (2007). The district court is required to impose a sentence "sufficient, but not greater than necessary to comply with the purposes" listed in § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from the defendant's future criminal conduct, and provide the defendant with needed educational or vocational training or medical care. In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7). We determine whether a sentence was substantively reasonable in light of the totality of the circumstances and the § 3553(a) factors. *Gall,* 552 U.S. at 51.

"The weight given to any § 3553(a) factor is within the sound discretion of the district court and we will not substitute our judgment in weighing the relevant factors." *United States v. Irey*, 612 F.3d 1160, 1261 (11th Cir. 2010) (*en banc*) (brackets omitted), *cert. denied*, 131 S.Ct. 1813 (2011). We reverse only if "left

3

with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *United States v. Pugh*, 515 F.3d 1179, 1191 (11th Cir. 2008).

"The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied,* 131 S.Ct. 674 (2010). Although we do not automatically presume a sentence falling within the guideline range to be reasonable, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

In this case, we conclude that Morgan's 84-month sentence is substantively reasonable.[1] The sentence was within the guideline range and we expect this to be reasonable. *Hunt,* 526 F.3d at 746. The district court explicitly stated that it was considering Morgan's past history, the deterrent effect of the sentence, and the other § 3553(a) factors. We defer to the district court's evaluation of these factors.

---

[1] Morgan does not argue that the sentence was procedurally unreasonable. Therefore, he has abandoned this issue. *United States v. Smith*, 416 F.3d 1350, 1354 (11th Cir. 2005).

*United States v. Williams*, 526 F.3d 1312, 1322 (11th Cir. 2008).  Although

Morgan argues that his sentence is unreasonable, he has failed to show that his

sentence over-represents his criminal history, is significantly higher than the

sentence of his codefendant, or that a lower sentence would be sufficient to meet

the § 3553(a) goals.[2]  Moreover, the sentence is well below the statutory maximum

of 40 years' imprisonment.  21 U.S.C. § 841(b)(1)(B).  Accordingly, we affirm the

sentence as reasonable.

**AFFIRMED.**

---

[2] Morgan's codefendant was sentenced to 37 months' imprisonment.  Morgan did not argue before the district court that there was any disparity in the sentences.  And there is no evidence that Ward was similarly situated to Morgan with respect to the advisory guideline range.