[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10847
Non-Argument Calendar

_____

D.C. Docket No. 2:11-cr-00037-WCO-SSC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GERMAN RUIZ-ALVAREZ,
a.k.a. Marcos Antonio Garcia-Camacho,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(August 6, 2012)

Before DUBINA, Chief Judge, TJOFLAT, and KRAVITCH, Circuit Judges.

PER CURIAM:

Appellant German Ruiz-Alvarez appeals his below-guidelines sentence of 58 months that the district court imposed after he pleaded guilty to a single count of reentry of a previously deported alien, in violation of 8 U.S.C. § 1326(a), (b)(2). On appeal, Ruiz-Alvarez argues that his sentence was substantively unreasonable in light of the factors in 18 U.S.C. § 3553(a). Ruiz-Alvarez contends that, although his sentence was below the guideline range, the district court erred in focusing heavily upon his criminal history while giving little weight to the nature of his prior offense and his personal characteristics. Specifically, Ruiz-Alvarez argues that his prior offense for felony obstruction of an officer, while admittedly a "crime of violence" warranting a 16-level increase in his criminal offense category, was nevertheless "mild" when compared to other crimes that warranted the same increase. Likewise, Ruiz-Alvarez contends that the district court should have given more weight to the fact that he illegally entered the United States solely for economic reasons, including the need to care for family members in Mexico who suffer from medical problems.

We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 41, 128 S. Ct. 586, 591, 169 L. Ed. 2d 445 (2007). "We may set aside a sentence only if we determine, after giving a full measure of deference to the sentencing judge, that the sentence

2

imposed truly is unreasonable." *United States v. Irey*, 612 F.3d 1160, 1191 (11th Cir. 2010) (*en banc*), *cert. denied*, 131 S. Ct. 1813 (2011).

The district court must impose a sentence that is "sufficient, but not greater than necessary, to comply with the purposes" listed in 18 U.S.C. § 3553(a)(2), including the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, and protect the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). In addition, the sentencing court must consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the sentencing commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

In reviewing the reasonableness of a sentence, we first ensure that the sentence was procedurally reasonable, meaning the district court properly calculated the guideline range, treated the Guidelines as advisory, considered the § 3553(a) factors, did not select a sentence based on clearly erroneous facts, and adequately explained the chosen sentence. *Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Once we determine that a sentence is procedurally sound, we examine whether the sentence was substantively reasonable in light of the totality of the circumstances.

*Id.*

The party who challenges the sentence "bears the burden to show it is unreasonable in light of the record and the § 3553(a) factors." *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir.), *cert. denied*, 131 S. Ct. 674 (2010). Although we do not presume a sentence is reasonable because it falls within the guideline range, we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). Imposition of a sentence well below the statutory maximum penalty is another indication of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (holding that sentence was reasonable in part because it was well below the statutory maximum).

We reverse only if left with the firm conviction "that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). For instance, a district court's "unjustified reliance upon any one § 3553(a) factor" may be "a symptom of an unreasonable sentence." *United States v. Crisp*, 454 F.3d 1285, 1292 (11th Cir. 2006) (holding that a sentence of 5 hours' imprisonment was unreasonable when the district court focused single-mindedly

4

on the goal of restitution to the detriment of all other sentencing factors) (internal quotation marks and brackets omitted).

We conclude from the record here that Ruiz-Alvarez's sentence was substantively reasonable in light of the factual record and the § 3553(a) factors. The district court did consider the nature of his previous felony and stated on the record that it was imposing a below-guidelines sentence because it recognized that the previous conviction was not as serious as other offenses in the same category. The court also explained that it could not ignore other factors, especially Ruiz-Alvarez's extensive criminal history. While Ruiz-Alvarez failed to point to any specific factor listed in § 3553(a) that he felt the district court accorded too little weight, the district court could have properly considered such other factors as deterrence, promotion of respect for the law, and protection of the community, in fashioning his sentence. We conclude from the record that Ruiz-Alvarez has not met his burden to show an abuse of discretion, and the sentence he received reflects a proper balancing of the § 3553(a) factors. Accordingly, we affirm the sentence as reasonable.

**AFFIRMED.**

5