[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 12-10424

_____

D.C. Docket No. 1:11-cr-00425-JOF-AJB-1

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

SABINO HERNANDEZ-CRUZ,
a.k.a. Sabino Hernandez,
a.k.a. Omar Cruz-Rodriguez,

Defendant - Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 19, 2013)

Before PRYOR, JORDAN, and KLEINFELD,[*] Circuit Judges.

PER CURIAM:

This appeal requires that we determine whether the district court abused its discretion when it sentenced Sabino Hernandez-Cruz to 46 months of imprisonment for illegally reentering the United States. Hernandez-Cruz pleaded guilty to that offense after he was previously deported following his conviction for an aggravated felony, 8 U.S.C. § 1326(a), (b)(2). Hernandez-Cruz argues that his sentence is both procedurally and substantively unreasonable in the light of the factors that a district court must consider when it imposes a sentence. See 18 U.S.C. § 3553(a). Because the district court did not abuse its discretion when it sentenced Hernandez-Cruz at the low end of the guidelines range, we affirm.

## I. BACKGROUND

Hernandez-Cruz is a citizen of Mexico. He first illegally entered the United States at the age of 18 or 19 to seek employment. While at a card game in 1998, Hernandez-Cruz shot an individual he alleges attacked him with a knife. Hernandez-Cruz was arrested and charged with attempted murder. He pleaded guilty and received an 11-year prison sentence. After he completed his term of imprisonment, Hernandez-Cruz was deported in 2007, but he returned to the United States in 2008. After his return, Hernandez-Cruz met Tania Perez, with whom he

---

[*]Honorable Andrew J. Kleinfeld, United States Circuit Judge for the Ninth Circuit, sitting by designation.

has had three children.  Hernandez-Cruz considers Perez his common-law wife.

Hernandez-Cruz also has fathered two other children with another woman.

In July 2011, Hernandez-Cruz choked a taxi driver before he left the taxi

without paying his fare.  He was arrested and charged with battery and theft of

services.  He pleaded guilty to the charges, although he now alleges that he pleaded

guilty only to expedite his deportation.

In 2011, a federal grand jury indicted Hernandez-Cruz for illegally returning

to the United States.  8 U.S.C. § 1326(a), (b)(2).  He pleaded guilty without the

benefit of a plea agreement.  Although he refused to be interviewed by

Immigration and Customs Enforcement, Hernandez-Cruz told the district court that

he illegally returned to the United States to provide for his family, including his

parents, wife, and children.  He also promised that he would not return to the

United States after his removal.

Hernandez-Cruz's presentence investigation report assigned to him a base

offense level of eight for the offense of illegal reentry by a previously deported

alien, see United States Sentencing Guidelines Manual § 2L1.2(a) (Nov. 2011),

and added 16 levels because of his prior conviction for a felony crime of violence,

see id. § 2L1.2(b)(1)(A)(ii).  The report subtracted three levels because of his

acceptance of responsibility for his actions, see id. § 3E1.1, which provided a total

offense level of 21.  The report assigned four criminal history points based on his

convictions for attempted murder, battery, and theft of services. The report provided a guideline range of 46 to 57 months of imprisonment. Hernandez-Cruz faced a statutory maximum penalty of 20 years of imprisonment. See 8 U.S.C. § 1326(b)(2).

Although he did not object to the calculation of his guideline range, Hernandez-Cruz requested a prison sentence of 24 months. He sought a downward variance from the guidelines range because his motivation for illegally reentering the United States was to support his family. He argued that two years away from his wife and children would be "significant punishment." He argued that he shot the individual at the card game only in self-defense, and he argued that he pleaded guilty to battery and theft of services only to expedite his deportation.

The United States requested that the district court sentence Hernandez-Cruz to imprisonment for 57 months. The government argued that Hernandez-Cruz exhibited a disregard for the laws of the United States when he illegally reentered the country within a year of his initial deportation. The government argued that his conviction for attempted murder with a firearm displayed his lack of respect for both the law and the safety of others. The government responded to the argument that the conviction for attempted murder was an "aberration" by explaining that, only a few years after he illegally reentered the United States, Hernandez-Cruz pleaded guilty to another violent crime. Because Hernandez-Cruz has family in the

United States and admitted that his reason for returning to the United States was to provide for them, the government argued that a sentence at the high end of the guideline range was necessary to deter Hernandez-Cruz from illegally reentering the country again.

The district court sentenced Hernandez-Cruz to imprisonment for 46 months followed by three years of supervised release. The district court explained that Hernandez-Cruz deserved no leniency for illegally reentering the United States:

> He has had Lord knows how many children, three while he was illegally in this country and now he has had another one, so what have we got is a new immigration program, if you can get here and get a woman pregnant quickly enough you can get leniency. That obviously is not the law and it is not the policy. I am well aware that the U.S. justice system can be daunting to someone from another country, but we have a record, two guilty pleas to two violent felonies. We have only a lawyer vouching for what happened in either one of them. We have no analysis of what the underlying facts would be. Those convictions stand for the truth of what they say. So I find no reason to vary, depart, or otherwise than to give him a guideline sentence.

The district court incorrectly referred to Hernandez-Cruz's prior convictions as "two violent felonies," although only one of those convictions was a felony. At the hearing, Hernandez-Cruz objected to this sentence as substantively unreasonable for "not taking into account . . . the unique circumstances of [his] life or the circumstances of the offense under the mitigating reasons why he returned to the United States."

## II. STANDARD OF REVIEW

We review the reasonableness of a sentence imposed under the sentencing guidelines for abuse of discretion. Gall v. United States, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The party who challenges the sentence "bears the burden to show it is unreasonable in light of the record." United States v. Tome, 611 F.3d 1371, 1378 (11th Cir. 2010).

### III. DISCUSSION

The district court must impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of sentencing. 18 U.S.C. § 3553(a). Those factors include the need to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct, and provide a defendant with needed educational or vocational instruction or medical care. Id. § 3553(a)(2)(A)–(D). When it imposes a sentence, a district court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. Id. § 3553(a)(1), (3)–(7). When we review the reasonableness of a sentence, we first ensure that the sentence was procedurally sound and then determine whether the sentence was substantively reasonable in the light of the totality of the

circumstances. Gall, 552 U.S. at 51, 128 S. Ct. at 597. Although this Court does not presume that a sentence within the guideline range is reasonable, it ordinarily expects such a sentence to be reasonable. United States v. Hunt, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty also suggests that the sentence is reasonable. United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008).

Although he does not label them as procedural errors, Hernandez-Cruz argues that the district court committed two procedural errors when it sentenced him. Hernandez-Cruz argues that the district court incorrectly stated that he had two prior felony convictions for violent crimes and punished him for fathering children in the United States. Both of these arguments fail.

First, the misstatement of the district court that Hernandez-Cruz was convicted of two violent felonies does not make his sentence procedurally unreasonable. When it imposes a sentence, a district court must consider "the history and characteristics of the defendant." 18 U.S.C. § 3553(a)(1). Although Hernandez-Cruz's conviction for battery was not a felony, the record about that conviction establishes that Hernandez-Cruz choked a taxi driver. The district court mentioned both of Hernandez-Cruz's convictions, not for their punishment classification, but to explain that the convictions establish Hernandez-Cruz's history of violence. Because Hernandez-Cruz's "history and characteristics" were

relevant factors in determining his sentence and his convictions involved acts of violence, the mislabeling of one of Hernandez-Cruz's convictions for violent crimes as a felony does not render his sentence procedurally unreasonable.

Second, we reject Hernandez-Cruz's argument that the district court punished him for fathering children in the United States. District courts should not take into account the motive of persons who illegally reenter the United States when they render sentences. "[T]he only harm [section 1326] is aimed at preventing is illegal reentry itself, for whatever purpose," United States v. Saucedo-Patino, 358 F.3d 790, 795 (11th Cir. 2004) (quotation marks omitted), and Hernandez-Cruz's "motive for reentering is irrelevant," id. at 794. Read as a whole, the record establishes that the district court did not punish Hernandez-Cruz for fathering children in the United States. The district court instead explained that Hernandez-Cruz's motive for illegally reentering the United States provided no good reason for leniency. See id. at 794–95.

Hernandez-Cruz's sentence also is substantively reasonable. The record reflects that the district court considered the relevant sentencing factors and imposed a sentence at the low end of the guidelines range and well below the statutory maximum penalty. The district court did not abuse its discretion.

## IV. CONCLUSION

We **AFFIRM** Hernandez-Cruz's sentence.

8