[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 14-15339
Non-Argument Calendar
_____

D.C. Docket No. 6:14-cr-00134-PGB-KRS-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

EDWARD ALAN VADNEY,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida
_____

(July 16, 2015)

Before HULL, ROSENBAUM, and JULIE CARNES, Circuit Judges.

PER CURIAM:

Defendant Edward Vadney appeals his 204-month sentence for attempted sexual enticement of a minor, in violation of 18 U.S.C. § 2422(b), which sentence was imposed following his plea of guilty.  On appeal, Defendant concedes that the sentence imposed by the district court was within the appropriate advisory Sentencing Guidelines range.  Nonetheless, he argues that the district court improperly considered and weighed certain facts in this case, which prompted the court to then erroneously deny Defendant's request for a downward variance. After review, we affirm.

## I.  Background

The Presentence Investigation Report sets out the pertinent facts in this case. Defendant posted an advertisement on the internet requesting young girls' underwear.  An undercover FBI agent responded, posing as the father of a six-year-old and a ten-year-old daughter.  During their conversation, the undercover agent and Defendant agreed that the father would permit Defendant to engage in sexual intercourse with the girls, and the two men agreed to meet the next morning.  In an exchange of emails and phone calls the next morning, Defendant and the undercover agent confirmed that they would meet in a restaurant parking lot and then travel to the fictional children's home.  When Defendant arrived at the restaurant, the FBI arrested him.

In a post-*Miranda* interview with the FBI, Defendant acknowledged that he had traveled to the restaurant parking lot to meet with the father and to have sex with the father's six and ten-year-old daughters, but he explained that the father was "cool" with the idea. Defendant also admitted that he had been sexually interested in children since he was twelve, when he had sexually touched an eight-year-old girl, and that he fantasized about sexual acts with girls between the ages of ten and twelve.

Defendant subsequently pled guilty to one count of attempted sexual enticement of a minor, in violation of 18 U.S.C. § 2422(b). After application of various guideline enhancements, as well as a three-level acceptance of responsibility reduction, the district court determined that Defendant's total offense level was 35, which in conjunction with his criminal history category of I, yielded an advisory guideline range of 168 to 210 months' imprisonment. After denying Defendant's request for a downward variance to the statutory minimum sentence of 120 months, the district court sentenced Defendant to 204 months' imprisonment.

## II.  Discussion

We review the reasonableness of a sentence for an abuse of discretion using a two-step process. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first to whether the district court committed any significant procedural error and then to whether the sentence is substantively unreasonable in light of the

3

totality of the circumstances and the 18 U.S.C. § 3553(a) factors.[1]  *Id.*  The party challenging the sentence bears the burden of showing that it is unreasonable.  *Id.* at 1189.  We will reverse only if "left with the definite and firm conviction that the district court committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case."  *Id.* at 1191 (quotation marks omitted).

Here, Defendant has identified no procedural errors nor has he shown that his sentence is substantively unreasonable.  Defendant's 204-month sentence is within the advisory guideline range of 168 to 210 months' imprisonment and well below the statutory maximum of life imprisonment under 18 U.S.C. § 2422(b). *See United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (explaining that, while we do not apply a presumption, we ordinary expect a sentence inside the advisory guidelines range to be reasonable); *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (citing the fact that the sentence imposed was well below the statutory maximum as an indication of reasonableness).

---

[1] The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for deterrence; (4) the need to protect the public; (5) the need to provide the defendant with needed educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwarranted sentencing disparities; and (10) the need to provide restitution to victims.  18 U.S.C. § 3553(a).

Defendant, however, argues that the district court improperly considered and weighed certain facts in the case, leading it to erroneously deny Defendant's request for a downward variance.  In support of that motion for a variance, Defendant had identified, as a mitigating factor, the fact that he had been raised by an alcoholic mother and that he, himself, has substance abuse problems.  Pertinent to his offense of conviction, Defendant, who was 23-years old at the time of sentencing, submitted the results of a polygraph examination finding no deception in Defendant's response that, since reaching the age of 18, he has not sexually touched a minor.  Through counsel, Defendant argued that it was impossible to know for sure whether he would have followed through with his intended sex act, had these young girls actually been presented to him.

In response, the district court stated that not only was it unwilling to grant a downward variance, but, in fact, it was considering an upward variance, given how "troubling" the court found Defendant's conduct.  Nonetheless, the court determined that the within-Guidelines range sentence it ultimately imposed was a reasonable sentence.  In explaining why it found unpersuasive Defendant's request for a downward variance, the court made the statements that Defendant now relies on to support his argument that the district court improperly weighed the relevant factors set out by §§ 3553(a).

First, Defendant argues that the court conveyed its intention to increase Defendant's punishment "because of the hypothetical possibility that he might have harmed a child." But the fact that Defendant likely would have sexually molested the two young girls he intended to meet, had he not become ensnared in a sting operation, are factors that the district court could properly consider. Indeed, there is every indication that Defendant intended to rape a six-year-old and a ten-year-old girl on the date of his arrest. Section 3553(a) directs a district court to consider the nature and circumstances of the offense, and to impose a sentence that reflects the seriousness of that offense and the need to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A) and (C). Thus, the court's consideration of the real danger that Defendant's conduct posed is not only acceptable, but required under § 3553(a). Moreover, the court's common-sense observation that, at the time of his arrest, Defendant appeared ready to sexually assault a child was invited by Defendant's argument that there was actually little harm created by his conduct, because the victims were fictional and Defendant might not have actually gone through with his planned sexual molestation of the young girls.

As to Defendant's contention that the district court improperly considered his explanation to arresting officers, we are not clear why Defendant's statement would be off-limits under any scenario. But Defendant's admission to a long-standing interest in molesting pre-teen girls was particularly pertinent here because

6

this acknowledgement tended to counter his argument that he might not have gone through with the attempted crime.

Furthermore, we discern no abuse of discretion by the district court when it denied Defendant's request for a downward variance after concluding that the alleged mitigating factors—Defendant's acceptance of responsibility and genuine remorse; his difficult childhood, including substance abuse by both him and his mother; and his lack of criminal history—were outweighed by the nature and seriousness of the offense and the need to protect the public.  "The weight to be accorded any given § 3553(a) factor is a matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (quotation marks omitted).

For all the above reasons, Defendant has not carried his burden to show that his 204-month sentence is substantively unreasonable.

**AFFIRMED.**