[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11376
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20675-CMA-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN HERRERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 19, 2018)

Before WILLIAM PRYOR, BRANCH and JULIE CARNES, Circuit Judges.

PER CURIAM:

Juan Herrera appeals his sentence of 84 months of imprisonment following his plea of guilty to conspiring to commit wire fraud. 18 U.S.C. § 1349. He argues that his sentence is substantively unreasonable. We affirm.

We review the substantive reasonableness of a sentence for abuse of discretion. *Gall v. United States*, 552 U.S. 38, 51 (2007). When reviewing the reasonableness of an above-guideline sentence, we "may consider the extent of the deviation but must give due deference to the district court's decision that the § 3553(a) factors, on a whole, justify the extent of the variance." *Id.*

The district court did not abuse its discretion when it imposed an above-guideline sentence to address the magnitude and duration of Herrera's fraud. After serving Perez Trading Company Incorporated for fifteen years while drawing an annual salary of $200,000, Herrera began abusing his role as senior manager and stole from the company by submitting fraudulent invoices in the names of shell companies that he created, by approving payment for those sham invoices, and by having two cohorts negotiate the company-issued checks. Herrera defrauded his employer and his 150 coworkers who shared in the company profits for fifteen years, during which he distributed one quarter of the stolen proceeds to his cohorts and still retained approximately $8 million. With a total offense level of 24 and a criminal history of I, Herrera faced an advisory sentencing range of 51 to 63 months of imprisonment. After "very careful consideration," the district court

2

found that Herrera's "advisory guideline range [was] not sufficient" to account for the enormity of his fraud and his efforts "to shield his assets from collection" or "to serve the objectives" in sentencing to "promote respect for the law" and to "provide deterrence to others." *See* 18 U.S.C. § 3553(a).

We cannot say that the district court committed a clear error of judgment in determining that a sentence 21 months above the high end of Herrera's sentencing range best served the objectives of sentencing. *See United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Herrera contends that "the district court made no effort to compare the harm [he] caused . . . to the harm caused in run of the mill cases involving similar amounts," but the district court was not required to "compare the details of [Herrera's] case . . . with the details of the average offender's average case" before selecting a sentence, *see United States v. Rosales-Bruno*, 789 F.3d 1249, 1265 (11th Cir. 2015). Because Herrera "believes the district court made a clear error of judgment when it sentenced him more harshly than it would have done in a 'mine-run case,' it is his burden to prove as much," *id.* at 1264, yet Herrera offers no evidence that his case is, in his words, a "typical wire-fraud case." Herrera also contends that "[t]he loss amount and abuse of trust were directly considered . . . [in] the guidelines," but the district court was entitled to base its variance on factors already accounted for in the enhancement of Herrera's offense level, *see United States v. Rodriguez*, 628 F.3d 1258, 1264 (11th

3

Cir. 2010). Herrera's sentence of 84 months of imprisonment, which is well below

his maximum statutory penalty, is reasonable. *See United States v. Gonzalez*, 550

F.3d 1319, 1324 (11th Cir. 2008).

We **AFFIRM** Herrera's sentence.