[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-11125
Non-Argument Calendar

_____

D.C. Docket No. 1:19-cr-20430-MGC-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TEDRICK KING,
a.k.a. Ted,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(June 23, 2021)

Before NEWSOM, LAGOA, and ANDERSON, Circuit Judges.

PER CURIAM:

Tedrick King appeals his 148-month sentence for (1) one count of conspiracy to possess with intent to distribute a controlled substance, and (2) one count of possession with intent to distribute 500 grams or more of cocaine, 28 grams or more of crack cocaine, a substance containing a detectable amount of eutylone, and a substance containing a detectable amount of marijuana. King presents three arguments on appeal. First, he argues that the district court erred in applying a four-level enhancement to his offense level for being a "leader or organizer" of criminal activity involving five or more participants. Second, he argues that the district court erred in applying a two-level enhancement to his offense level for "maintaining a drug premises." Third, he argues that his sentence is substantively unreasonable because an 84-month sentence would have been sufficient to achieve the goals of the 18 U.S.C. § 3553(a) sentencing factors.

## I.

We review the district court's imposition of an aggravating-role enhancement for clear error. *United States v. Shabazz*, 887 F.3d 1204, 1222 (11th Cir. 2018). Under this standard, we may not reverse unless we are left with a "definite and firm conviction" that the district court made a mistake. *Id.* at 1224. Where the evidence is susceptible to two or more reasonable interpretations, "[the

2

district court's] choice between them cannot be clearly erroneous." *United States v. Almedina*, 686 F.3d 1312, 1315 (11th Cir. 2012).

Section 3B1.1 of the U.S. Sentencing Guidelines increases a defendant's offense level by four levels if he or she was "an organizer or leader of a criminal activity that involved five or more participants or was otherwise extensive." U.S.S.G. § 3B1.1(a). The government has the burden to prove the aggravating role by a preponderance of the evidence. *United States v. Martinez*, 584 F.3d 1022, 1027 (11th Cir. 2009).

We consider several factors to determine whether a defendant was an organizer or leader of criminal activity. *Shabazz*, 887 F.3d at 1222. These include: (1) decision-making authority; (2) the nature of the defendant's participation in the offense; (3) the recruitment of others; (4) the receipt of a larger share of the fruits of the crime; (5) the degree of participation in the organizing and planning of the offense; (6) the nature and scope of the illegal activity; and (7) the degree of control the defendant exercised over others involved. *Id.* The government is not required to establish all of these factors. *United States v. Dixon*, 901 F.3d 1322, 1348 (11th Cir. 2018). But there must be some exercise of authority, leadership, control, or influence before the four-level enhancement may be applied. *Martinez*, 584 F.3d at 1026. Generally, we have affirmed applications of the enhancement where the government presented evidence that the defendant recruited individuals

3

to the criminal operation, gave instructions, or had decision-making power. *Shabazz*, 887 F.3d at 1222.

Here, it was not clearly erroneous for the district court to conclude that King exercised a leadership role in the drug-selling enterprise. At sentencing, the government presented considerable evidence relating to several of the *Shabazz* factors, such as King's exercise of decision-making authority within the conspiracy, his larger degree of participation in the planning and organization of the offense, and his control over others involved. *See Shabazz*, 887 F.3d at 1222. For example, intercepted text messages showed that King would command others to temporarily halt drug sales when police were in the area, and those individuals would report back to King when they resumed operations. King's co-conspirators also reported to him when drug supplies were running low. And on at least one occasion, King threatened to oust one of the drug enterprise's members and replace him with someone else. This evidence was sufficient to find that King exercised authority, leadership, control, or influence over the criminal activity in this case. We therefore affirm the district court's application of a four-level enhancement under U.S.S.G. § 3B1.1(a).

## II.

Whether a defendant maintained a premises for drug distribution is a finding of fact that we review for clear error. *See United States v. George*, 872 F.3d 1197,

1205 (11th Cir. 2017). Section 2D1.1 of the U.S. Sentencing Guidelines increases a defendant's offense level by two levels if the defendant maintained a premises in order to manufacture or distribute a controlled substance. U.S.S.G. § 2D1.1(b)(12). Although the manufacturing or distributing of a controlled substance need not be the sole purpose for the property, it must be one of the primary or principal uses for it, instead of an incidental or collateral one. U.S.S.G. § 2D1.1(b)(12), comment. n.17; *see also George*, 872 F.3d at 1205. To determine whether a premises was "maintained" by the defendant, we consider (1) whether the defendant held a possessory interest in (e.g., owned or rented) the premises and (2) the extent to which the defendant controlled access to or activities at the premises. *George*, 872 F.3d at 1205.

Here, it was not clearly erroneous for the district court to conclude that King maintained a premises for the purpose of drug distribution. The evidence at sentencing demonstrated that King controlled access to the house where he and his co-conspirators sold drugs, as well as the activities that occurred there. For example, text messages showed that King enforced the schedule of operations at the house and would discipline those who brought unauthorized people inside during working hours. Video surveillance also showed that King possessed a key to the separate location where the drugs were stored, which he would resupply when drugs were running low. Finally, as already discussed above, King would

direct his co-conspirators to cease operations when police were nearby, and they would report back to him when they resumed selling.  This evidence was sufficient to find that King maintained a premises for drug distribution.  We therefore affirm the district court's application of a two-level enhancement under U.S.S.G. § 2D1.1(b)(12).

## III.

We review the substantive reasonableness of a criminal sentence solely for an abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 51 (2007).  We will not vacate a sentence as substantively unreasonable unless we are left with a "definite and firm conviction" that the district court clearly erred in weighing the § 3553 factors and imposed a sentence outside the range of reasonable sentences warranted by the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th Cir. 2010) (*en banc*).  Under § 3553(a), a district court's sentence must be sufficient—but not greater than necessary—to achieve the goals of sentencing, which are: (1) reflecting the seriousness of the offense, (2) promoting respect for the law, (3) providing just punishment, (4) deterring future criminal conduct, (5) protecting the public, and (6) providing the defendant with any needed training or treatment.  18 U.S.C. § 3553(a).  The relative weight given to any one of these factors is committed to the sound discretion of the district court.  *United States v. Croteau*, 819 F.3d 1293, 1309 (11th Cir. 2016).

6

The district court adequately considers the kinds of sentences available when it reviews the PSI and the parties' arguments. *See United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). We do not apply any presumption of reasonableness to sentences that are within the guideline range, but we ordinarily expect such a sentence to be reasonable. *See United States v. Stanley*, 739 F.3d 633, 656 (11th Cir. 2014). Additionally, the fact that a sentence falls well below the statutory maximum is an indicator of reasonableness. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

Here, we conclude that King's sentence is substantively reasonable. It is within the guideline range, it is well below the statutory maximum, and the district court expressly stated that it had reviewed the § 3553(a) factors as well as the parties' arguments. Thus, King has failed to meet his burden to show that his sentence lies outside the range of reasonable sentences supported by the record, the § 3553(a) factors, and the substantial deference afforded to the district court. *See Irey*, 612 F.3d at 1190; *Croteau*, 819 F.3d at 1309. Accordingly, we affirm King's 148-month total sentence.

**AFFIRMED.**