[DO NOT PUBLISH]

In the

# United States Court of Appeals

### For the Eleventh Circuit

_____

No. 22-14089

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

FRANKIE DAVID VARGAS, II,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 1:21-cr-20479-DPG-1

_____

Before WILSON, LUCK and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Frankie Vargas II appeals the substantive reasonableness of his 324-month sentence imposed by the district court following his guilty plea for violations of Hobbs Act robbery, 18 U.S.C. § 1951(a), and brandishing and discharging a firearm in furtherance of a crime of violence, 18 U.S.C. § 924(c)(1)(A)(iii). Vargas argues that his sentence is substantively unreasonable because the district court abused its discretion in assigning weight to the 18 U.S.C. § 3553(a) factors and failed to focus on the individualized, particularized specific facts of his case. Having read the parties' briefs and reviewed the record, we affirm Vargas's sentence.

## I.

We review the reasonableness of a sentence under an abuse of discretion standard. *United States v Rodriguez*, 34 F.4th 961, 969 (11th Cir. 2022), *cert. denied*, ___ U.S. ___, 143 S. Ct. 580 (2023). "A district court abuses its discretion and imposes a substantively unreasonable sentence only when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Id.* The party challenging the sentence bears the burden of establishing that it is unreasonable based on the facts of the case and the 18 U.S.C. § 3553(a) factors. *United States v. Shabazz*, 887 F.3d 1204, 1224 (11th Cir. 2018).

## II.

The district court must impose a sentence that is "sufficient, but not greater than necessary" to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with any needed correctional treatment or training. 18 U.S.C. § 3553(a)(2). It must also consider the nature and circumstances of the offense, the defendant's history and characteristics, the kinds of sentences available, the applicable guidelines range, any pertinent policy statements, and the need to avoid sentencing disparities between similarly-situated defendants. *Id.* § 3553(a)(1), (3)-(7).

Although the district court must consider the 18 U.S.C. § 3553(a) factors, it is not required to state on the record that it has explicitly considered each of the factors or to discuss each of them. *United States v. Kuhlman*, 711 F.3d 1321, 1326 (11th Cir. 2013). Instead, an acknowledgment by the district court that it considered the factors is sufficient. *United States v. Turner*, 474 F.3d 1265, 1281 (11th Cir. 2007). Moreover, the weight given to each factor lies within the district court's sound discretion, and it may reasonably attach great weight to a single factor. *Kuhlman*, 711 F.3d at 1327.

Furthermore, we do not automatically presume that a sentence within the guidelines range is reasonable, but we ordinarily expect such a sentence to be reasonable. *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008). A sentence imposed well below the statutory maximum penalty is another indicator of a reasonable

sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

## III.

The record demonstrates that the district court did not abuse its discretion in sentencing Vargas to 324 months' imprisonment. The district court articulated its balancing when it noted that defense counsel emphasized Vargas's traumatic childhood and life-long struggle with drugs. The district court stated that these factors were key for it imposing a sentence at the low end of the guidelines range. However, the district court noted that although Vargas's recent crimes were within a short time of each other, it was significant that Vargas had forever altered the victims' lives. The factual background in the PSI showed that Vargas stole a firearm while breaking into nine parked cars, robbed a gas station by brandishing a firearm, invaded and ransacked a home, threatened a mother inside her home, shot the son, and carjacked a vehicle before smashing into another car during his escape. We conclude that the district court's measured consideration of all 18 U.S.C. § 3553 factors resulted in a sentence "sufficient but no greater than necessary" to achieve the goals of sentencing.

The reasonableness of the sentence is also bolstered by the fact that it is within the guidelines range. As noted, we expect a sentence within the guidelines range to be reasonable. *See Hunt*, 526 F.3d at 746. The district court imposed a 120-month sentence for the Hobbs Act robbery, a sentence at the low-end of the 120-to-150-month guidelines range. The district court also imposed a

sentence at the bottom of the guidelines for the firearm convictions, which had mandatory minimum sentences. *See United States v. Smith*, 967 F.3d 1196, 1215 (11th Cir. 2020) (stating that "doing what a statute requires is not an abuse of discretion"). We conclude that the district court did not abuse its discretion and imposed a substantively reasonable sentence. Accordingly, based on the aforementioned reasons, we affirm the district court's imposition of Vargas's 324-month sentence.

**AFFIRMED.**