[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 23-13175

Non-Argument Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

*versus*

LASHANA NAKIAH FOREMAN,

Defendant- Appellant.

_____

Appeal from the United States District Court
for the Middle District of Alabama
D.C. Docket No. 2:21-cr-00174-ECM-CWB-4

_____

Before WILSON, LUCK, and ANDERSON, Circuit Judges.

PER CURIAM:

Lashana Foreman appeals her sentence of 204 months' imprisonment for conspiracy to distribute and possess with intent to distribute 50 grams or more of methamphetamine.  Foreman argues on appeal that (1) the district court abused its discretion by not granting her request for a reduction under the Sentencing Guidelines based on her minimal role in the drug-distribution conspiracy, (2) the district court erred by imposing a two-level enhancement for obstruction of justice for the commission of perjury during her trial testimony, and (3) the district court abused its discretion by overruling her objection that the "ice" provision of the Guidelines was not entitled to deference because it was not based on empirical evidence and overstated the seriousness of her offense.

We explained in *United States v. Keene* that we need not decide if a district court's guideline calculation is incorrect if it states "that the guidelines advice that results from decision of those issues does not matter to the sentence imposed after the [18 U.S.C.] § 3553(a) factors are considered."  470 F.3d 1347, 1349 (11th Cir. 2006).  If the sentencing court makes such a statement, we will affirm the sentence that results so long as it is reasonable in light of "the alternative or fallback reasoning of § 3553(a)."  *Id*.  If the sentence is still reasonable, we will consider any potential error harmless.  *Id*.  The point of this analysis is to avoid "pointless reversals and

unnecessary do-overs of sentence proceedings." *Id.* (quoting *United States v. Williams*, 431 F.3d 767, 775 (11th Cir. 2005) (Carnes, J., concurring)).

We review a sentence for substantive reasonableness under the deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence has the burden of showing that the sentence is unreasonable based on the facts of the case, the § 3553(a) factors, and the deference owed the sentencing court. *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015). While we have not adopted a presumption of reasonableness for sentences within the guidelines range, *United States v. Campbell*, 491 F.3d 1306, 1313 (11th Cir. 2007), we have stated that "when the district court imposes a sentence within the advisory Guidelines range, we ordinarily will expect that choice to be a reasonable one." *United States v. Docampo*, 573 F.3d 1091, 1101 (11th Cir. 2009). (quotations omitted). Moreover, a sentence imposed "well below" the statutory maximum penalty is an indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008).

A court can abuse its discretion in three ways: (1) by failing to consider relevant factors, (2) by considering improper factors, or (3) by committing a clear error in judgment in its assessment of the relevant factors. *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (*en banc*). The proper factors are listed in § 3553(a) and include the nature and circumstances of the offense, the history and characteristics of the defendant, the seriousness of the offense, the

need to promote respect for the law and to provide just punishment for the offense, the need to afford adequate deterrence, the need to protect the public, and the need to avoid unwarranted sentencing disparities between similarly situated defendants. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (a)(2)(B), (a)(2)(C), (a)(6). The district court holds significant discretion in deciding how to weigh the § 3553(a) factors, and we cannot substitute our own judgment on review. *United States v. Dougherty*, 754 F.3d 1353, 1361 (11th Cir. 2014). A sentencing court does not need to give equal weight to all factors. *Rosales-Bruno*, 789 F.3d at 1254. We ordinarily expect sentences within a defendant's guideline range to be reasonable. *United States v. Sarras*, 575 F.3d 1191, 1220 (11th Cir. 2009).

"A district court's failure to specifically mention certain mitigating factors 'do[es] not compel the conclusion that the sentence crafted in accordance with the § 3553(a) factors was substantively unreasonable'" because "'[t]he district court is not required to explicitly address each of the § 3553(a) factors or all of the mitigating evidence.'" *United States v. Al Jaberi*, 97 F.4th 1310, 1330 (11th Cir. 2024) (first alteration in original) (quoting *United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010); *United States v. Taylor*, 997 F.3d 1348, 1354 (11th Cir. 2021)). "Instead, '[a]n acknowledgment the district court has considered the defendant's arguments and the § 3553(a) factors will suffice.'" *Id.* (alteration in original) (quoting *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008)).

"A district court may sometimes 'vary from the guidelines based solely on its judgment that the policies behind the guidelines

are wrong.'" *United States v. Howard*, 28 F.4th 180, 212-13 (11th Cir. 2022) (quoting *Irey*, 612 F.3d at 1212). "[T]he absence of empirical evidence is not an independent ground that compels the invalidation of a guideline." *Snipes*, 611 F.3d at 870. Rather, as the Supreme Court held in *Kimbrough v. United States*, 552 U.S. 85 (2007), "the lack of empirical evidence was one factor that a district court could consider in exercising its post-*Booker* right to [vary] from the guidelines." *Id.*

Under U.S.S.G. § 3B1.2, a sentencing court may reduce a defendant's offense score anywhere from two to four levels if they were a minimal or minor participant in the underlying criminal conduct. U.S.S.G. § 3B1.2(a), (b) (2021).

Here, even assuming that the district court had erred by overruling Foreman's objections to the perjury enhancement and her request for a minor role deduction, any such error was harmless because the court stated that it would have imposed the same sentence even if it had sustained those objections, and because Foreman's 204-month sentence was substantively reasonable regardless of the outcome of the objections. *See Keene*, 470 F.3d at 1349. The guideline range that Foreman would have had if the district court sustained her objections is 188 to 235 months' imprisonment, given that she sought a 4-level reduction to her total offense level, which would have resulted in a total offense level of 34. If Foreman's guideline range had been 188 to 235 months' imprisonment, the district court's imposition of a 204-month sentence would not have been an abuse of discretion because the court did

not fail to consider any relevant factors, did not consider any improper factors, and did not commit any clear errors in judgment in its assessment of the relevant factors.  *See Gall*, 552 U.S. at 51; *Irey*, 612 F.3d at 1189.

The court explained that a sentence of 204 months' imprisonment was appropriate for Foreman based on the nature of her criminal activity, her danger to the community in light of her flight from the police, her lack of respect for the law, and her failure to accept responsibility for her criminality in light of her attempts to cover up and excuse what she had done, all of which were proper factors.  18 U.S.C. § 3553(a)(1), (a)(2)(A).  Further, the district court did not fail to consider any relevant factors.  The only possible relevant factor that the court might have failed to consider was the disparity between Foreman's sentence and those of her codefendants, which Foreman raised in her § 3553(a) arguments, as the court did not explicitly reference that factor.  However, the court's failure to explicitly reference that factor does not render Foreman's sentence substantively unreasonable because it stated that it considered all of the § 3553(a) factors, and it was not required to explicitly reference each factor.  *Al Jaberi*, 97 F.4th at 1330.

Lastly, the district court did not commit any clear errors in judgment, especially in light of the deference owed to it and the fact that its 204-month sentence would have been within Foreman's guideline range if it had removed the 2 level perjury enhancement and granted a two level minor role reduction.  *See Dougherty*, 754 F.3d at 1361; *Rosales-Bruno*, 789 F.3d at 1254; *Sarras*,

575 F.3d at 1220.  Foreman argues that the district court should have varied even lower than it did because the methamphetamine guidelines provision is not based on empirical evidence.  Effectively, her argument is that the court should have granted a downward variance based on a policy disagreement with the Guidelines.  However, while the court was permitted to grant such a variance, neither this Court nor the Supreme Court has held that there are situations where sentencing courts are required to vary downward based on a policy disagreement with the Guidelines, and this Court has held that the lack of empirical evidence is not a ground that "compels the invalidation of a guideline."  *See Howard*, 28 F.4th at 212-3 ("A district court *may sometimes* vary from the guidelines based solely on its judgment that the policies behind the guidelines are wrong." (emphasis added) (internal quotation marks omitted)); *Snipes*, 611 F.3d at 870.  Therefore, there is no basis for Foreman to argue that the district court abused its discretion by not varying downwards based on her objection to the methamphetamine guidelines provision.  *See Snipes*, 611 F.3d at 870.  Further, the district court did not abuse its discretion by failing to explicitly address Foreman's argument on this issue because there is no precedent requiring to it to do so, and the rule that a sentencing court need not address every § 3553(a) factor suggests that the reverse is true.  *See Al Jaberi*, 97 F.4th at 1330.

In sum, even if the district court erred in overruling Foreman's objections to the PSI's guidelines calculations, any such error was harmless because the court stated that it would impose the same sentence even if it had sustained those objections, and

8                         Opinion of the Court                    23-13175

because Foreman's 204 month sentence was substantively reasonable regardless of the outcome of the objections.

**AFFIRMED.**