[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 15-13772
Non-Argument Calendar
_____

D.C. Docket No. 1:15-cr-00096-WSD-LTW-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL CATALA,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Northern District of Georgia
_____

(April 29, 2016)

Before WILSON, ROSENBAUM and JILL PRYOR, Circuit Judges.

PER CURIAM:

Michael Catala appeals his 21-month sentence, imposed as an upward variance from the applicable Sentencing Guidelines range, after being convicted of failure to appear as directed by the district court, in violation of 18 U.S.C. § 3146(a)(1). Because Catala has failed to show that his sentence was substantively unreasonable, we affirm.

## I.

An information charged Catala with conspiracy to commit bank fraud and aggravated identity theft for his alleged participation in a conspiracy to obtain bank account information to make unauthorized bank withdrawals. The information specified that, as part of this conspiracy, Catala recruited two bank employees who could obtain the account information of individuals who used the bank. He then provided that information to his co-conspirators, who used it to pose as account holders and make fraudulent withdrawals. Catala ultimately pled guilty to both counts in the information.

While on bond awaiting sentencing, Catala fled to California. Police eventually apprehended him in California for possession with intent to use a fraudulent credit card. Following this arrest, Catala was charged with failure to appear and sentenced to a total of 84 months' imprisonment on his initial

2

conspiracy to commit bank fraud and aggravated identity theft charges. Catala appeared at a separate sentencing proceeding for his failure to appear. There, the district court sentenced him to 21 months' imprisonment followed by three years of supervised release, a sentence above the guidelines range of eight to 14 months but below the statutory maximum of 60 months. Catala's objection to the substantive reasonableness of his sentence was overruled. This is his appeal.

## II.

On appeal, Catala renews his challenge to the substantive reasonableness of the sentence the district court imposed for his failure to appear. We review the reasonableness of a sentence under a deferential abuse of discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). Indeed, "it is only the rare sentence that will be substantively unreasonable." *United States v. Rosales-Bruno*, 789 F.3d 1249, 1256 (11th Cir. 2015) (internal quotation marks omitted). The party challenging the sentence bears the burden of establishing that the sentence is unreasonable. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

In reviewing the reasonableness of a sentence, we first ensure that the district court committed no significant procedural error, and then we examine whether the sentence was substantively unreasonable based on the totality of the circumstances. *Gall*, 552 U.S. at 51. As Catala does not contend that the district

court committed a procedural error, we need only consider whether his sentence was substantively unreasonable.

Under 18 U.S.C. § 3553(a), the district court must impose a sentence sufficient, but not greater than necessary to comply with the purposes set forth in § 3553(a)(2), including promoting respect for the law, deterring criminal conduct, and protecting the public from the defendant's future criminal conduct. *See* 18 U.S.C. § 3553(a)(2). The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

A district court abuses its discretion and imposes a substantively unreasonable sentence if it "(1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors." *Rosales-Bruno*, 789 F.3d at 1256 (internal quotation marks omitted). Thus, deciding whether a district court has imposed a substantively unreasonable sentence involves an inquiry into whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). "The weight to be accorded any given § 3553(a) factor is a

4

matter committed to the sound discretion of the district court." *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (internal quotation marks omitted).  In imposing an upward variance, the district court may consider any information relevant to a defendant's background, character, and conduct.  *Tome*, 611 F.3d at 1379.

We find no support for Catala's contention that his sentence is substantively unreasonable.  As an initial matter, Catala's sentence of 21 months is well below the statutory maximum, which is a "consideration favoring its reasonableness." *Rosales-Bruno*, 789 F.3d at 1257.  The sentence was also below the government's recommendation of 27 months.  The record of Catala's sentencing reveals that, after considering the nature of and circumstances surrounding Catala's offense and his personal history and characteristics, the district court determined that an upward variance would best promote respect for the law, deter criminal conduct, and protect the public from future criminal conduct.  *See* 18 U.S.C. § 3553(a)(2).

The district court was within its discretion to highlight these factors.  After pleading guilty to his crimes, Catala fled to California, where he remained for several months before being apprehended by police.  Catala never turned himself in.  Worse, after he absconded to California, he was arrested for engaging in criminal conduct similar to that to which he had recently pled guilty.  Familiar with Catala from the previous guilty plea, the district court concluded that Catala's

5

conduct evinced "a serious . . . inability to abide by and respect the law[]," and that Catala did not truly appreciate the reprehensible nature of his actions.  Sentencing Hr'g Tr. at 21 (Doc. 30).[1]  As such, the court concluded an upward variance was necessary to protect the public from further criminal conduct on the part of Catala and to deter him from engaging in any such conduct in the future.  We find no abuse of discretion in this reasoning, nor does Catala provide one.   Indeed, the sentencing judge is better placed to make these kinds of determinations because he "sees and hears the evidence, makes credibility determinations, has full knowledge of the facts and gains insights not conveyed by the record."  *Gall*, 552 U.S. at 51 (internal quotation mark omitted).

Catala argues that, at sentencing, the court improperly considered the conduct of the bank employees he recruited into the conspiracy and the costs law enforcement incurred in tracking him down after he fled.  Even accepting, *arguendo*, Catala's argument that these are improper considerations, we conclude that his sentence was not substantively unreasonable because there is no evidence in the record that the court improperly relied on these facts in determining Catala's sentence.

Although it is true that the district court referenced the conduct of the bank employees and the costs incurred in locating Catala, the sentencing hearing

---

[1] "Doc." refers to the docket entry in the district court record in this case.

transcript, when read as a whole, makes clear that the court made these references to highlight Catala's disregard for the law and the likelihood of his committing future crimes—factors properly considered under § 3553(a)(2). *See* 18 U.S.C. § 3553(a)(2). The court discussed the bank employees to contrast their conduct with that of Catala, who "did . . . not even hav[e] the integrity to do what they did, which was to say I have committed a crime, . . . . there is a consequence and I accept it." Sentencing Hr'g Tr. at 14 (Doc. 30). The court acknowledged the cost incurred in finding Catala to highlight his indifference to the burden his conduct placed on others. The court made these observations to illustrate Catala's lack of respect for the law and to support the court's conclusion that an upward variance was necessary to protect the public from Catala and to deter him from committing further crimes. A district court may not rely on improper factors in sentencing, but we will not impose a requirement that it refrain from discussing facts and circumstances arguably outside the scope of § 3553(a) when explaining its sentencing rationale.

## III.

Upon review of the record and consideration of the parties' briefs, we conclude that Catala has failed to demonstrate that his sentence is substantively unreasonable. We therefore affirm the sentence the district court imposed.

**AFFIRMED.**

7