[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 15-15157
Non-Argument Calendar

_____

D.C. Docket No. 1:15-cr-00006-CG-B-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

FRANCISCO MADRID-MANZO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Alabama

_____

(June 8, 2016)

Before HULL, MARCUS, and WILSON, Circuit Judges.

PER CURIAM:

Francisco Madrid-Manzo appeals his 37-month sentence, imposed at the high end of the applicable guideline range, after pleading guilty to possession of a firearm by an undocumented immigrant, in violation of 18 U.S.C. § 922(g)(5).  On appeal, Madrid-Manzo argues that his sentence is unreasonable.  Having considered the parties' briefs and reviewed the record, we find no abuse of discretion by the district court.  The record shows that the court properly based its sentence on the 18 U.S.C. § 3553(a) factors after fully considering the parties' arguments at sentencing.  Accordingly, we affirm.

**I.**

The party challenging the sentence has the burden of establishing that the sentence is unreasonable.  *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).  We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007).  In so doing, we ensure that the district court committed no significant procedural error and then examine whether the sentence was substantively reasonable based on the totality of the circumstances.  *Id.* at 51, 128 S. Ct. at 597. This examination includes an inquiry into whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam).

2

Pursuant to § 3553(a), the district court must impose a sentence sufficient but not greater than necessary to comply with the purposes set forth therein, including promoting respect for the law, providing just punishment for the offense, deterring criminal conduct, and protecting the public from the defendant's future criminal conduct. 18 U.S.C. § 3553(a)(2). The court is also instructed to consider, *inter alia*, the nature and circumstances of the offense, the history and characteristics of the defendant, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, and the need to avoid unwarranted sentencing disparities. *See id.* § 3553(a)(1), (3)–(7).

## II.

On appeal, Madrid-Manzo argues that his sentence was greater than necessary to comply with the purposes set forth in 18 U.S.C. § 3553(a), and that a sentence in the range of 15–21 months would have been more reasonable. He also contends that he readily admitted his guilt, and, therefore, should have received a shorter sentence. Finally, he avers that the district court placed too much emphasis on his failure to present himself in a timely manner for his first sentencing hearing.

These arguments do not persuade us that the district court abused its discretion. In the proceedings below, the court explained the § 3553(a) factors it relied on when imposing the sentence, describing how those factors supported the sentence it selected. The court stated that it took into account Madrid-Manzo's

arguments, his apology, his lengthy criminal history, the circumstances of his arrest, his likelihood of reoffending, the seriousness of his offense, and the objectives of punishment, deterrence, and incapacitation. These are proper considerations under § 3553(a). *See Gall*, 552 U.S. at 50, 128 S. Ct. at 597; *Gonzalez*, 550 F.3d at 1324. The court was free to consider any information relevant to Madrid-Manzo's character and conduct, including his failure to appear at his first sentencing hearing. And it was within the court's discretion to give that factor more weight than others. *See United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007) (noting that the weight given to any § 3553(a) factor is "committed to the sound discretion of the district court" (internal quotation mark omitted)).

Moreover, the record reflects that the district court emphasized other, additional factors during sentencing, including Madrid-Manzo's lengthy criminal history and his risk of reoffending, which are also factors properly within the district court's discretion to consider and weigh. Hence, the district court here concluded that a 37-month sentence was appropriate based on its weighing the relevant § 3553(a) factors, and we will not reweigh those factors in the absence of clear error. *See id.* Finally, the sentence the court chose to impose was within the applicable advisory guideline range of 30–37 months and well below the statutory maximum of 10 years, which are both strong indicia of the sentence's

4

reasonableness.  *See United States v. Alvarado*, 808 F.3d 474, 496 (11th Cir. 2015); *Gonzalez*, 550 F.3d at 1324.

For these reasons, Madrid-Manzo has not persuaded us that his 37-month sentence is unreasonable, and we affirm the district court.

**AFFIRMED.**