[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11570
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20815-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LUIS GONZALEZ CALIMANO,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(October 22, 2018)

Before MARCUS, WILLIAM PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Luis Gonzalez Calimano appeals his 120-month sentence after pleading

guilty to conspiring to commit health care fraud and wire fraud in violation of 18

U.S.C. § 1349.  Gonzalez argues that: (1) the district court clearly erred in applying

a sophisticated means enhancement under U.S.S.G. § 2B1.1(b)(10)(C) because he is incapable of conduct constituting sophisticated means due to his limited education and English proficiency; and (2) his sentence is procedurally and substantively unreasonable because his more culpable co-conspirator received a lesser sentence, and a review of the 18 U.S.C. § 3553(a) factors and the record do not support his sentence.  After thorough review, we affirm.

We review a district court's decision to impose a sophisticated means enhancement for clear error.  United States v. Ghertler, 605 F.3d 1256, 1267 (11th Cir. 2010).  Clear error review is deferential, and we will not hold that the district court committed a clear error unless we are left with a firm conviction that a mistake occurred.  Id.  We review the ultimate sentence a district court imposes for "reasonableness," which "merely asks whether the trial court abused its discretion."  United States v. Pugh, 515 F.3d 1179, 1189 (11th Cir. 2008) (quotation omitted).

First, we are unpersuaded by Calimano's claim that the district court clearly erred by imposing a sophisticated means enhancement under the Sentencing Guidelines.  The Guidelines provide that a defendant's offense level should be enhanced by two levels if the offense involved sophisticated means and the defendant intentionally engaged in or caused the conduct constituting sophisticated means.  U.S.S.G. § 2B1.1(b)(10)(C).  "Sophisticated means" means especially

complex or especially intricate offense conduct pertaining to the execution or concealment of an offense. U.S.S.G. § 2B1.1 n.9(B). Examples of sophisticated means listed in the commentary include hiding assets or transactions, or both, through the use of fictitious entities, corporate shells, or offshore financial accounts. Id. However, the application notes do not limit the ways in which a defendant could use sophisticated means to conceal his crime. United States v. Feaster, 798 F.3d 1374, 1381 (11th Cir. 2015).

Section 2B1.1(b)(10)(C) was amended in 2015 to narrow the focus of the enhancement to the sophistication of the defendant's personal conduct, not the scheme as a whole. United States v. Presendieu, 880 F.3d 1228, 1248 (11th Cir. 2018). In gauging sophistication, the court must examine the totality of the defendant's conduct, as there is no requirement that each of the defendant's individual actions be sophisticated. See Ghertler, 605 F.3d at 1267. The use of repetitive, coordinated conduct to perpetuate and conceal a fraud scheme supports a sophisticated means enhancement. United States v. Bane, 720 F.3d 818, 826-27 (11th Cir. 2013). Further, the length of time for which the conduct is not detected, and the amount of the loss inflicted by it can reflect on the sophistication of the scheme. Feaster, 798 F.3d at 1381.

Here, the district court did not commit clear error when it applied the sophisticated means enhancement in calculating Gonzalez's guideline range. As

3

the record reflects, Gonzalez was the true owner and former vice president of a physical therapy clinic, Liz Rehab Center, Inc. ("Liz Rehab"), that was involved in a large conspiracy to falsely bill private insurance companies.  Gonzalez's conduct during the conspiracy consisted of: (1) concealing his role in Liz Rehab by resigning as vice-president; (2) having his sister sign important Liz Rehab documents; (3) helping run Liz Rehab through another fraudulent clinic to avoid detection; (4) directing a receptionist to write several Liz Rehab checks to his wife; (5) directing multiple patients to visit another fraudulent clinic location to falsify Liz Rehab paperwork; and (6) directing the falsification of medical records.

Collectively, these actions reveal that Gonzalez tried to conceal and perpetuate the fraud and hide transactions using fraudulent entities.  See Presendieu, 880 F.3d at 1248; Bane, 720 F.3d at 826-27; U.S.S.G. § 2B1.1(b)(10)(C) & n.9(B).  Further, Gonzalez helped to perpetrate the fraud over the course of 20 months without detection and was responsible for a loss of $1,376,840.  See Feaster, 798 F.3d at 1381.  As for his argument that his limited education and English proficiency preclude him from engaging in conduct constituting sophisticated means, those factors are outweighed by the totality of his actions.  See Ghertler, 605 F.3d at 1267.  In short, the district court did not clearly err in applying the sophisticated means enhancement, and we affirm.

We also find no merit in Gonzalez's claim that his sentence is unreasonable. In reviewing sentences for reasonableness, we perform two steps. Pugh, 515 F.3d at 1190. First, we "'ensure that the district court committed no significant procedural error, such as failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence -- including an explanation for any deviation from the Guidelines range.'" Id. (quoting Gall v. United States, 552 U.S. 38, 51 (2007)).[1] The district court also commits procedural error if it treats the Guidelines as presumptively reasonable. United States v. Hill, 643 F.3d 807, 880 (11th Cir. 2011). Although the district court must consider the § 3553(a) factors, it need not analyze each factor individually for the sentence to be procedurally reasonable; rather, the district court may acknowledge that it has considered the defendant's arguments and the § 3553(a) factors. United States v. Sarras, 575 F.3d 1191, 1219 (11th Cir. 2009).

---

[1]     The § 3553(a) factors include: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) the need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; (3) the need for the sentence imposed to afford adequate deterrence; (4) the need to protect the public; (5) the need to provide the defendant with educational or vocational training or medical care; (6) the kinds of sentences available; (7) the Sentencing Guidelines range; (8) the pertinent policy statements of the Sentencing Commission; (9) the need to avoid unwanted sentencing disparities; and (10) the need to provide restitution to victims. 18 U.S.C. § 3553(a).

If we conclude that the district court did not procedurally err, we consider the "substantive reasonableness of the sentence imposed under an abuse-of-discretion standard," based on the "totality of the circumstances." Pugh, 515 F.3d at 1190 (quotation omitted). "[W]e will not second guess the weight (or lack thereof) that the [court] accorded to a given [§ 3553(a)] factor . . . as long as the sentence ultimately imposed is reasonable in light of all the circumstances presented." United States v. Snipes, 611 F.3d 855, 872 (11th Cir. 2010) (quotation, alteration and emphasis omitted). And, the court may give greater weight to one factor over others. United States v. Shaw, 560 F.3d 1230, 1237, 1240 (11th Cir. 2009) (affirming upward variance after noting that the defendant had one-and-a-half times the number of points required for criminal category VI). However, a court may abuse its discretion if it (1) fails to consider relevant factors that are due significant weight, (2) gives an improper or irrelevant factor significant weight, or (3) commits a clear error of judgment by balancing a proper factor unreasonably. United States v. Irey, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc). Also, a court's unjustified reliance on any one § 3553(a) factor may be a symptom of an unreasonable sentence. United States v. Crisp, 454 F.3d 1285, 1292 (11th Cir. 2006).

If the court's sentence deviates from the guidelines range, it must have a "sufficiently compelling" justification to support the degree of the variance. Gall,

6

552 U.S. at 50. A sentence imposed well below the statutory maximum penalty is an indicator of a reasonable sentence. See United States v. Gonzalez, 550 F.3d 1319, 1324 (11th Cir. 2008). Further, disparity between sentences imposed on codefendants is generally not enough to merit relief on appeal. United States v. Cavallo, 790 F.3d 1202, 1237 (11th Cir. 2015).

Gonzalez has not shown that his sentence is procedurally unreasonable. First, Gonzalez's guideline range was calculated accurately after the addition of the sophisticated means enhancement. U.S.S.G. § 2B1.1(a)(1), (b)(1)(I), & (b)(10)(C); U.S.S.G. § 3B1.1(a); U.S.S.G. § 3E1.1(a)-(b). The record also shows that the district court considered the § 3553(a) factors, decided that Gonzalez's arguments about his education and English proficiency were not mitigating, and explained that the upward variance was based on the specific factors of deterring future similar healthcare frauds and the fact that Gonzalez made a decent living from the fraud. Indeed, the court's decision to impose an upward variance on Gonzalez's sentence indicates that the district court did not treat the Guidelines as mandatory or presumptively reasonable. Thus, we cannot say that Gonzalez's sentence and the upward variance were procedurally unreasonable.

Nor has Gonzalez demonstrated that his sentence is substantively unreasonable. Gonzalez's sentence reflects the seriousness of his offense in that he involved others in the fraud, caused Liz Rehab to make $1,376,840 in payouts

from $2,609,855 in false claims ran out of a different sham clinic, and because no patient received actual treatments as a result of Gonzalez's actions. It also shows the need to provide just punishment for his offense under the same facts. See Sarras, 575 F.3d at 1219; 18 U.S.C. § 3553(a)(1) & (2)(A). And as we've noted, the district court justified the variance based on the specific § 3553(a) factor of deterrence and because Gonzalez made a comfortable living from the fraud. See Gall, 552 U.S. at 50; Sarras, 575 F.3d at 1219; Shaw, 560 F.3d at 1237; 18 U.S.C. § 3553(a)(2)(B).

As for Gonzalez's argument that his co-conspirator was more culpable but received a lesser sentence, that does not show that the district court abused its discretion. As we've said many times, each district court judge may choose to weigh the § 3553(a) factors differently, and, thus, sentences may be different. See Cavallo, 790 F.3d at 1237; Shaw, 560 F.3d at 1237; 18 U.S.C. § 3553(a)(6). Moreover, the district court considered the need to avoid unwarranted sentencing disparities when it said that it would have sentenced Gonzalez's co-conspirator to a 20-year sentence if he was before the same court, and the court was aware that the co-conspirator's sentence and guideline range had not yet been determined.

Finally, Gonzalez's claim that the district court sentenced him to the maximum amount allowed by statute is incorrect. As the record indicates, the court sentenced him to only one-half of the statutory maximum penalty. 18 U.S.C.

8

§§ 1343, 1349.  Consequently, Gonzalez's sentence is well below the statutory maximum, which is an additional indicator of its reasonableness.  See Gonzalez, 550 F.3d at 1324.  On this record, Gonzalez's 120-month sentence is substantively reasonable because it lies within the reasonable range of sentences for his conduct. See Irey, 612 F.3d at 1190.

**AFFIRMED**.