[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-13538
Non-Argument Calendar
_____

D.C. Docket No. 1:04-cr-20245-CMA-4


UNITED STATES OF AMERICA,

                                                                    Plaintiff-Appellee,

versus

GARY TUBBY,

                                                                    Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(November 16, 2018)

Before WILLIAM PRYOR, MARTIN and NEWSOM, Circuit Judges.

PER CURIAM:

    Gary Tubby appeals the sentence imposed following the revocation of his

supervised release. 18 U.S.C. § 3583(e)(3), (h). The district court sentenced Tubby

to 4 months of imprisonment followed by 56 months of supervised release that included 4 months of house arrest for availing himself of 15 lines of credit while withholding restitution from the victims of his previous crimes of fraud. Tubby argues that his sentence is procedurally and substantively unreasonable. We affirm.

Tubby's sentence is procedurally reasonable. The district court correctly calculated that Tubby had an advisory guidelines range of 8 to 14 months of imprisonment, a maximum sentence of 3 years of imprisonment, and could serve up to 60 months on supervised release based on his grade C violations and his criminal history of VI. Tubby argues that the district court failed to provide a reasoned basis for rejecting the parties' joint recommendation to modify his supervised release by adding 100 months of community service, but the district court explained that it was "starting anew" due to Tubby's "highly unsatisfactory" conduct. The district court stated that, after "[g]iving due consideration to all of the factors in 18 U.S. Code, Section 3553," it determined that "the nature of the offenses that bring Mr. Tubby back before the Court" and his "history and characteristics," which included depriving his victims of more than $158,000 for 13 years and thrice violating his supervised release, warranted a more severe sentence than the parties recommended. *See* 18 U.S.C. § 3583(e)(3).

Tubby's sentence is also substantively reasonable. Despite Tubby receiving a reduction in his sentence of imprisonment from 125 months to 94 months of

imprisonment for conspiracy, passing fictitious obligations, and committing wire and social security fraud, Tubby again violated the law after being freed in March 2014 to complete his 5 years of supervised release. Tubby twice tested positive for marijuana, yet the district court allowed him to return to drug treatment with no further penalty. And within 5 months of his release, Tubby started applying for lines of credit without permission from his probation officer. He used at least 15 credit card accounts to purchase property until the officer discovered Tubby's wrongdoing about 4 years later. Tubby squandered the money that he owed to the victims of his fraud to pay his credit card bills. The district court considered the statutory factors and the purposes for sentencing and reasonably determined that they were best served by revoking Tubby's supervised release and requiring him to serve 4 months in prison followed by 56 months of supervised release, including four months of house arrest. *See* 18 U.S.C. §§ 3583(e)(3), 3553. The district court considered Tubby's arguments about his history of drug addiction and his post-traumatic stress disorder and varied downward to impose a sentence of imprisonment two months below the low end of his recommended sentencing range. That Tubby's sentence is substantially less than his maximum statutory penalty of 3 years of imprisonment evidences that his sentence is reasonable. *See United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). The district court did not abuse its discretion.

3

We **AFFIRM** Tubby's sentence.