[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 17-13962
Non-Argument Calendar

_____

D.C. Docket No. 1:16-cr-00015-MW-GRJ-2


UNITED STATES OF AMERICA,

Plaintiff – Appellee,

versus

LARRY BURSTEIN,

Defendant – Appellant.

_____

Appeal from the United States District Court
for the Northern District of Florida

_____

(January 24, 2019)

Before WILSON, JILL PRYOR and HULL, Circuit Judges.

PER CURIAM:

Larry Burstein appeals his 48-month sentence, which was imposed after he pled guilty to one count of conspiring to distribute codeine in violation of 21 U.S.C. § 841(a)(1) and § 846. Burstein argues that his sentence was substantively unreasonable. Because the district court did not abuse its discretion in weighing the § 3553(a) sentencing factors, we affirm.

## I.    BACKGROUND

From 2007 through 2014, Burstein ran an internet pharmacy website that sold controlled substances, including codeine, to individuals without requiring them to submit a valid prescription. Between 2009 and 2014, Burstein sold more than 148,000 codeine pills containing more than 2,000,000 milligrams of codeine, generating more than $7 million in sales.

Burstein was charged with various crimes based on his role in operating the website, including one count of conspiracy to distribute a controlled substance. Burstein pled guilty to the conspiracy count in exchange for the government dismissing the other charges against him.

Prior to the sentencing, the probation office prepared a presentence investigation report ("PSR"). Based on the quantity of codeine involved, the PSR

2

calculated Burstein's base offense level of 24.  The PSR then applied a 2-level enhancement for distributing a controlled substance through mass-marketing by means of an interactive computer service and a 3-level reduction for acceptance of responsibility, yielding a total offense level of 23.  The PSR found that this total offense level and Burstein's criminal history category of I yielded a recommended range under the Sentencing Guidelines of 46 to 57 months' imprisonment.

At sentencing, the district court adopted the PSR's guidelines calculation. Burstein requested a below-guideline sentence of 18 to 24 months' imprisonment, arguing that such a sentence was appropriate given his acceptance of responsibility, age, health condition, and indigence.  He submitted to the court letters attesting to his good character and charitable works as well as medical records documenting his poor health.

Although the government did not request that the district court impose a specific sentence, it argued that a more severe sentence was needed to deter Burstein and others from committing similar crimes.  The government pointed out that Burstein ran a significant drug enterprise.  The government emphasized that codeine was an opiate and there was a strong need to deter the selling of opiates through the internet.  Regarding Burstein's arguments about his good character, the

3

government did not dispute that Burstein gave some money to charity but pointed out he wasted a significant portion of the illegally obtained money.

In imposing a sentence, the district court explained that it considered both the mitigating and aggravating factors in the case. The mitigating factors identified by the district court included: Burstein's advanced age, medical condition, and good works. Regarding aggravating factors, the district court explained that the "criminal enterprise was vast in scope" and resulted in the distribution of nearly 150,000 pills of a "highly addictive drug." Doc. 160 at 35.[1] The district court noted that the distribution of opioids harmed individuals and communities. The court emphasized that this was not a "simple case" with a "limited amount of distribution for a limited period of time and a limited quantity." *Id.*

After considering the mitigating and aggravating factors, the district court imposed a 48-month sentence, which was within the guidelines range. The court explained that if it were not for the mitigating factors, the arguments of Burstein's lawyers, and the letters Burstein had submitted, the court would have "seriously consider[ed] an above-guideline sentence." *Id.* at 36. This is Burstein's appeal.

---

[1] Citations in the form "Doc. #" refer to numbered entries on the district court's docket.

4

## II.    DISCUSSION

On appeal, Burstein challenges the substantive reasonableness of his sentence.  We review the reasonableness of a sentence under a deferential abuse of discretion standard.  *Gall v. United States*, 552 U.S. 38, 41 (2007).  "A district court abuses its discretion when it (1) fails to afford consideration to relevant factors that were due significant weight, (2) gives significant weight to an improper or irrelevant factor, or (3) commits a clear error of judgment in considering the proper factors."  *United States v. Irey*, 612 F.3d 1160, 1189 (11th Cir. 2010) (en banc) (internal quotation marks omitted).  The party challenging the sentence bears the burden of showing it is unreasonable.  *United States v. Tome*, 611 F.3d. 1371, 1378 (11th Cir. 2010).

When reviewing a sentence for substantive reasonableness, we examine the totality of the circumstances, including "whether the statutory factors in § 3553(a) support the sentence in question."[2]  *United States v. Gonzalez*, 550 F.3d 1319,

---

[2] Under § 3553(a), the district court is required to impose a sentence "sufficient, but not greater than necessary, to comply with the purposes" of the statute.  18 U.S.C. § 3553(a).  These purposes include the need to:  reflect the seriousness of the offense; promote respect for the law; provide just punishment; deter criminal conduct; protect the public from the defendant's future criminal conduct; and effectively provide the defendant with educational or vocational training, medical care, or other correctional treatment.  18 U.S.C. § 3553(a)(2).  The court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guidelines range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims.  *Id.* § 3553(a)(1), (3)-(7).

1324 (11th Cir. 2008). "We will not second guess the weight (or lack thereof) that the judge accorded to a given factor under § 3553(a), as long as the sentence ultimately imposed is reasonable in light of *all* the circumstances presented." *United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010) (alterations adopted) (internal quotation marks omitted). We may vacate a sentence only if we firmly believe that the district court "committed a clear error of judgment in weighing the § 3553(a) factors by arriving at a sentence that lies outside the range of reasonable sentences dictated by the facts of the case." *Irey*, 612 F.3d at 1190 (internal quotation marks omitted). We may not set aside a sentence "merely because we would have decided that another one is more appropriate." *Id.* at 1191. "Although we do not automatically presume a sentence within the guidelines range is reasonable, we ordinarily expect a sentence within the Guidelines range to be reasonable." *United States v. Hunt*, 526 F.3d 739, 746 (11th Cir. 2008) (alteration adopted) (internal quotation marks omitted).

Burstein argues that in weighing the § 3553(a) factors, the district court failed to give proper weight to mitigating factors, including his status as a first-time offender,[3] his advanced age, his health issues, and that he donated much of

---

[3] We note that the record does not support Burstein's claim that he was a "true" first time offender who had no "prior (substantial) arrests." Appellant's Br. at 30. It's true that Burstein was assigned no criminal history points. But he previously pled guilty to possession of listed chemicals with intent to manufacture methamphetamine and served 21 months in a federal

the money he received to charity.  He also contends that the district court should have imposed a sentence of probation or home detention.  We begin by observing that Burstein's sentence was far below the 240-month statutory maximum and within the guidelines range.  Although we do not presume that a sentence within the guidelines range is reasonable, we ordinarily expect it to be reasonable.  *See Hunt*, 526 F.3d at 746.  After considering the facts of the case, we are not left with a definite and firm conviction that the district court committed a clear error of judgment when it imposed a 48-month sentence, as opposed to a lower sentence or a sentence involving home confinement or probation.  Burstein's sentence was within the range of reasonable sentences that could be imposed in this case in light of the significant scale of Burstein's criminal scheme, which involved the distribution of an addictive opiate.

### III.    CONCLUSION

For these reasons, we affirm Burstein's sentence.

**AFFIRMED.**

---

prison.  This conviction was not counted in his criminal history score because of its age.  *See* U.S.S.G. § 4A1.2(e)(3).

7