[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 18-11850
Non-Argument Calendar

_____

D.C. Docket No. 1:17-cr-20623-FAM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

DAVID J. MILLER,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

(March 1, 2019)

Before TJOFLAT, WILLIAM PRYOR and JORDAN, Circuit Judges.

PER CURIAM:

David Miller appeals his sentence of 124 months of imprisonment imposed

following his pleas of guilty to bank fraud, 18 U.S.C. § 1344(2), and aggravated

identity theft, *id.* § 1028A(a)(1). Miller argues that his sentence at the low end of his advisory guideline range is substantively unreasonable. We affirm.

The district court did not abuse its discretion by sentencing Miller to 124 months of imprisonment. Within a five-month period, Miller used the stolen identity of a real person and funds he accessed unlawfully in a bank account opened by the City of Miami Beach to purchase more than $3 million in personal seat licenses and tickets for sporting events and to pay more than $3,500 in gas and electric utility bills for multiple residences in Syracuse, New York. With a total offense level of 24 and a criminal history category of VI that included convictions for forgery, falsifying business records, possessing forged instruments, and identity theft, Miller faced an advisory guideline range of 100 to 125 months of imprisonment for bank fraud and a mandatory consecutive sentence of 24 months of imprisonment for aggravated identity theft. The district court did not abuse its discretion in assigning more weight to Miller's recidivism, the seriousness of his offense, and the need "to protect the public from [his] further thefts of one form or another" than to Miller's addiction to gambling, his familial obligations, and his personal hardships. *See United States v. Snipes*, 611 F.3d 855, 872 (11th Cir. 2010). And the district court accounted for Miller's cooperation with law enforcement by imposing a sentence at the low end of his sentencing range for bank fraud, *see* 18 U.S.C. § 3553(a), which was well below the maximum statutory

2

sentence he faced for that offense, *see United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). Miller's sentence is reasonable.

We **AFFIRM** Miller's sentence.