[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 18-12642
Non-Argument Calendar
_____

D.C. Docket No. 2:18-cr-14004-DMM-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

TRAVIUS DEVON RUFFIN,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(March 22, 2019)

Before WILSON, WILLIAM PRYOR, and GRANT, Circuit Judges.

PER CURIAM:

Travius Devon Ruffin challenges his 96-month sentence for possession of a firearm by a felon as substantively unreasonable.  He argues that the district court failed to consider his incomplete defense of coercion and schizophrenia diagnosis, while affording too much weight to his criminal history.  We affirm the sentence from the district court.

I.

Ruffin pleaded guilty to one count of possession of a firearm and ammunition by a felon under 18 U.S.C. § 922(g)(1).  According to the Presentence Investigation Report (PSI), Ruffin fired a gun into the air outside of a convenience store and shot at a pickup truck as it accelerated towards him.  Ruffin fled the scene and entered a house, where he allegedly refused to leave and threatened the house occupants so that they would not leave or call the police.

In the PSI, a probation officer calculated Ruffin's base offense level as 20 under U.S.S.G. § 2K2.1(a)(4)(A) and added a four-level increase under § 2K2.1(b)(6)(B) for possession of a firearm during certain felony offenses, including aggravated assault with a deadly weapon, false imprisonment with a weapon, and tampering with a witness, victim, or informant.  The PSI included a two-level increase for obstruction of justice under § 3C1.1, and a three-level decrease for acceptance of responsibility under § 3E1.1.  Based on these calculations, Ruffin's total offense level was 23.

The PSI detailed Ruffin's criminal history, including several incidents involving violence as a juvenile and as an adult, and assigned criminal history points based on Ruffin's convictions. The PSI also detailed Ruffin's history of mental illness, including his diagnoses of schizophrenia and bipolar disorder.

With a total offense level of 23 and a criminal history category of VI, the guideline range of imprisonment was 92 to 115 months. Ruffin filed a motion for downward variance, arguing that his criminal history category overrepresented the seriousness of his actual criminal history, particularly given his history of mental illness. He argued that the three criminal history points for a sale of marijuana conviction overrepresented his criminal history because he only sold $10 worth of marijuana when he was sixteen years old and, had he been charged as a juvenile, he would not have received those points. He also argued that the two criminal history points that he received for driving with a suspended license overrepresented his criminal history because the record made it appear as if he received a six-month sentence for this offense, when he only remained in custody for a violation of probation. Ruffin contended that his untreated schizophrenia contributed to the commission of the instant offense; he also asserted that his diagnosis set him apart from others with similar criminal histories scores who did not suffer from such an illness. Finally, Ruffin argued that he had possessed a gun for protection—he fired it once into the air only to disperse a group of aggressors and then fired it once at a

3

truck accelerating dangerously towards him.  He claimed that he never threatened anyone with this gun while in the house.

The district court adopted the findings of the PSI and sentenced Ruffin to 96 months' imprisonment, followed by two years of supervised release.  The court ordered that Ruffin receive mental health treatment while on supervised release. The court expressly evaluated the statements of both parties, the PSI, the advisory guidelines, and statutory factors.  The court added that it had considered Ruffin's argument for a variance and gave some weight to Ruffin's arguments about his prior charges resulting in criminal history points, "particularly the marijuana and the suspended license."  The court expressed concern, however, with other parts of Ruffin's criminal history that included "violence and threats of violence," noting that "some of those offenses received no points."  Ultimately, the court was unconvinced that Ruffin's criminal history category overrepresented his previous convictions.  The court also noted the pending charges against Ruffin, emphasizing that his "use of firearms and possession of firearms and . . . express willingness to use them presents a danger to the community from which they need to be protected."  Ruffin objected to the substantive reasonableness of the sentence.

## II.

We review the reasonableness of a sentence for abuse of discretion.  *Gall v. United States*, 552 U.S. 38, 56, 128 S. Ct. 586, 600 (2007).  A sentence within the

guideline range is presumptively reasonable. *Id.* at 40, 128 S. Ct. at 591.  To

determine substantive reasonableness, we examine the totality of the circumstances

to decide whether the statutory factors in 18 U.S.C. § 3553(a) support the sentence

in question.  *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per

curiam).  A sentence may be substantively unreasonable if a district court

unjustifiably relied on any § 3553(a) factor, based the sentence on impermissible

factors, or failed to consider pertinent § 3553(a) factors.  *United States v. Sarras*,

575 F.3d 1191, 1219 (11th Cir. 2009).  We may vacate a sentence for substantive

unreasonableness only if we are left with the definite and firm conviction that the

district court committed a clear error of judgment in weighing the § 3553(a) factors

based on the facts of the case.  *United States v. Irey*, 612 F.3d 1160, 1190 (11th

Cir. 2010) (en banc).

The district court's sentence must be "sufficient, but not greater than

necessary, to comply with the purposes" listed in § 3553(a)(2), including the need

for the sentence to reflect the seriousness of the offense and to promote respect for

the law, the need for adequate deterrence, the need to protect the public, and the

need to provide the defendant with educational or vocational training, medical

care, or other correctional treatment.  18 U.S.C. § 3553(a).  The district court must

also consider the nature and circumstances of the offense, the history and

characteristics of the defendant, the kinds of sentences available, the guideline

range, any pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)–(7).

The party who challenges the sentence bears the burden of showing that the sentence is unreasonable given the record and the § 3553(a) factors. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010). The weight given to any specific § 3553(a) factor is committed to the sound discretion of the district court. *United States v. Clay*, 483 F.3d 739, 743 (11th Cir. 2007). As a result, the district court need not specifically address every mitigating factor raised by the defendant for the sentence to be substantively reasonable. *See United States v. Snipes*, 611 F.3d 855, 873 (11th Cir. 2010). A sentence below the statutory maximum is another indicator of reasonableness. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008) (per curiam). That we may reasonably conclude a different sentence is appropriate is insufficient for reversal. *Gall v. United States*, 552 U.S. 38, 51, 128 S. Ct. 586, 597 (2007). The Guidelines allow a court to depart downward from the guideline range "[i]f the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense." U.S.S.G. § 5K2.12.

The district court did not abuse its discretion in imposing Ruffin's sentence. *See Gall*, 552 U.S. at 51, 128 S. Ct. at 597. Although Ruffin argues that the district

court did not give weight to his incomplete defense of coercion based on U.S.S.G. § 5K2.12, he did not seek such a departure in the district court. In any event, while the district court did not specifically discuss that argument in announcing its sentence, the court's statement that it considered the other mitigating factors is sufficient. *Snipes*, 611 F.3d at 873. And the weight given to this information, if it bore on the nature and circumstances of the offense, is within the sound discretion of the district court. *See Clay*, 483 F.3d at 743.

As to his criminal history, the district court agreed with Ruffin that his previous marijuana and driving on a suspended license convictions, for which he received criminal history points, deserved little weight. Even with less weight afforded to those convictions, however, the court expressed concern with Ruffin's extensive and violent criminal history, which included offenses for which he received no criminal history points. Thus, the court acted within its discretion in determining that Ruffin's criminal history was not overrepresented. *See* 18 U.S.C. § 3553(a)(1); *Clay*, 483 F.3d at 743.

The district court also addressed the § 3553(a) factors by emphasizing the need to protect the public due to Ruffin's "express willingness" to use firearms and the "danger to the community" he presented. *See* 18 U.S.C. § 3553(a)(2). Furthermore, the district court clearly considered Ruffin's mental health issues, evidenced by the court's order that Ruffin receive mental health treatment during

his supervised release.  *See* 18 U.S.C. § 3553(a)(2).  Finally, Ruffin's 96-month sentence is well below the statutory maximum for his offense, which also indicates its reasonableness.  *See Gonzalez*, 550 F.3d at 1324.  Accordingly, Ruffin's sentence is substantively reasonable.

**AFFIRMED.**