[DO NOT PUBLISH]


IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

No. 16-16058
Non-Argument Calendar
_____

D.C. Docket No. 1:16-cr-20007-MGC-1


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL ARCANGEL HERNANDEZ,
a.k.a. Mike
a.k.a. Mickey
a.k.a. Manu
a.k.a. Manuel Cifuentes,

Defendant-Appellant.


_____

Appeal from the United States District Court
for the Southern District of Florida
_____

(April 12, 2019)

Before TJOFLAT, JILL PRYOR and ANDERSON, Circuit Judges.

PER CURIAM:

Miguel Arcangel Hernandez appeals his 120-month total sentence, imposed above the Sentencing Guideline sentence range, after pleading guilty to multiple counts of racketeering and importation of an alien for prostitution. He argues that the District Court erred by failing to adequately apply the 18 U.S.C. § 3553(a) sentencing purposes and in refusing his request for a downward variance. He also contends that his sentence creates a sentencing disparity because similarly-situated defendants received significantly less prison time, and there were no aggravating circumstances that warranted his above-guideline sentence.

We review the reasonableness of a sentence under a deferential abuse-of-discretion standard. *Gall v. United States*, 552 U.S. 38, 51 (2007). The party challenging the sentence bears the burden to show it is unreasonable in light of the record and the § 3553(a) sentencing purposes. *United States v. Tome*, 611 F.3d 1371, 1378 (11th Cir. 2010).

We employ a two-step process in reviewing the reasonableness of a sentence. *United States v. Pugh*, 515 F.3d 1179, 1190 (11th Cir. 2008). We look first at whether the district court committed any significant procedural error and then at whether the sentence is substantively reasonable under the totality of the circumstances. *Tome*, 611 F.3d at 1378. The district court must impose a sentence

sufficient, but not greater than necessary, to comply with the purposes of § 3553(a)(2), which include the need for a sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, deter criminal conduct, and protect the public from future criminal conduct. *See* 18 U.S.C. § 3553(a). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. *Id.* § 3553(a)(1), (3)-(7).

The district court need not address all the § 3553(a) purposes; rather, an acknowledgement that it has considered the defendant's arguments and the § 3553(a) purposes will suffice. *United States v. Gonzalez*, 550 F.3d 1319, 1324 (11th Cir. 2008). We will defer to the district court's judgment regarding the weight given to the § 3553(a) purposes unless the district court has made a clear error of judgment and has imposed a sentence that lies outside the range of reasonable sentences dictated by the facts of the case. *Id.*

We hold that Hernandez's 120-month sentence is substantively reasonable. *Gall*, 552 U.S. at 51. The district court stated on the record that it had considered the advisory guideline sentence range of 87-108 months' imprisonment, the §

3

3553(a) purposes, and the parties' arguments, and found that the sentence range was not adequate in light of those § 3553(a) purposes.  At sentencing, the district court considered the violence towards two women who were working for Hernandez and the fact that he had employed a minor for commercial sex acts. The court also considered Hernandez's argument as to the potential sentencing disparity.  Thus, Hernandez has not met his burden on appeal in light of the record and the purposes of sentencing set out in § 3553(a).  *Tome*, 611 F.3d at 1378.  The sentence is reasonable.

**AFFIRMED.**